IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 14CR00291-CG |
| | * | |
| KIMBERLY SMITH HASTIE and | * | |
| RAMONA MCARDLE YEAGER | * | |

**PROTECTIVE ORDER**

This matter is before the Court upon Joint Motion for Protective Order submitted by the United States of America and counsels for defendants **KIMBERLY SMITH HASTIE AND RAMONA MCARDLE YEAGER**, specifically addressing the production of discovery and the need to protect the privacy of individuals, including their personal and tax information. After due consideration, the Joint Motion for Protective Order is **GRANTED** and the parties to this action are hereby **ORDERED** as follows:

1. The United States shall provide discovery to the defendants, in accordance with FED.R.CRIM.P. 16. Based on representations made by the parties in the Joint Motion for Protective Order, some of the discovery documents may be subject to the Privacy Act, 5 U.S.C. § 552a, the Social Security Act, 42 U.S.C. § 1306, and/or to this Court's Standing Order No. 30 (In re: Implementation of Requirements of the E-Government Act of 2002).

2. The United States shall produce these documents to the defendants unredacted. Based on representations made by the parties in the Joint Motion for Protective Order, these documents include personal identifying information (such as names, addresses, social security numbers, and dates of birth), financial information, and tax information. For purposes of this Protective Order, these documents shall be referred to as "protected discovery."

3. In order to limit the dissemination of the above-described protected discovery, the parties are **ORDERED** to adhere to the following:

    A. Only defense counsel, counsel's staff, defendant's experts, and defendant shall have access to the protected discovery. Prior to allowing these persons access to the protected discovery, defense counsel will advise each person of the limitations on use and disclosure of discovery as dictated by this joint motion and subsequent Protective Order, and will provide each such person with a copy of this Protective Order.

    B. The protected discovery will be used solely for purposes of preparing defendant's defense in this case.

    C. Any protected discovery in this case will be stored at defense counsel's office or the office of a defense expert who, as noted, shall be subject to the same disclosure limitations.

    D. Any notes, memoranda, summaries or other documents reflecting the protected discovery or copies made of the protected discovery will also be stored at defense counsel's office or at defense expert's office, and will be considered protected discovery.

    E. Any document filed with the Court, including any attachment, which contains protected discovery, or a description or reproduction thereof, will be filed in redacted form or under seal pursuant to this Court's Standing Order No. 30.

    F. The procedure for use of protected discovery during any hearing or trial of this matter shall be determined by the parties and the Court in advance of

the hearing or trial.

    G.    Within 90 days of the final conclusion of this matter, defendants shall return the protected discovery and all copies to counsel for the United States.

4.    The Court shall retain jurisdiction to modify the Protective Order, upon motion by any party. Until the Court rules on any such motion, no disclosure of protected discovery shall be made except in compliance with the Protective Order.

5.    The Protective Order shall survive the termination of this action.

6.    Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any regulatory or law enforcement agency, or agency or department of the United States, or any division of any such agency or department, protected discovery documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such protected discovery by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the protected discovery consistent with the terms of this Protective Order. A copy of the Protective Order will be provided to said regulatory agency, law enforcement agency, or any division, agency or department of the United States, to insure compliance therewith in connection with disclosure of protected discovery documents.

**Done and ORDERED** this the _____ day of December 2014.

United States Magistrate Judge