IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 14-00291-CG |
| ) | |
| KIMBERLY SMITH HASTIE and ) | |
| RAMONA MCARDLE YEAGER ) | |

MOTION IN LIMINE REGARDING ADVICE OF COUNSEL AFFIRMATIVE DEFENSE

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and files this motion in limine asking the Court to prohibit the defendants from relying upon an affirmative defense of good faith reliance on advice of counsel at trial unless and until the Court rules before trial that the defendants have met the prima facie elements of the defense.

The indictment alleges crimes of public corruption, including mail fraud and wire fraud whose mens rea elements consist of intent to defraud.  (Doc. 1); 18 U.S.C. §§ 1341, 1343.  Good faith reliance on counsel's advice is an affirmative defense to mail fraud and wire fraud because such reliance can negate the mens rea element of willfulness.  United States v. Vernon, 723 F.3d 1234, 1269 (11th Cir. 2013).  Such a defense is sought in white-collar corruption cases, both in this Court and elsewhere.  See, e.g., id.; United States v. Langston, 590 F.3d 1226 (11th Cir. 2009) (district court did not abuse its discretion in declining to give proposed jury instruction on good faith reliance on advice of counsel in prosecution of executive director for theft of federal funds to finance personal residence).

1

To establish an affirmative defense of good faith reliance on counsel's advice, a defendant has the burden of proving by a preponderance of the evidence that he or she "(1) made a full and complete good-faith report of all material facts to an attorney he or she considered competent; (2) received the attorney's advice as to the specific course of conducted that was followed; and (3) reasonably relied upon the advice in good faith." Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2010 revision), Special Instruction # 18; see also United States v. Hill, 643 F.3d 807, 851 (11th Cir. 2011).

The nature of the defendant's disclosure to the attorney is critical. The defendant must show that he or she relied in good faith after fully disclosing all facts relevant to the advice for which he or she consulted the attorney. See United States v. Eisenstein, 731 F.2d 1540 (11th Cir. 1984); see also United States v. Conner, 752 F.2d 566 (11th Cir. 1985) (testimony plainly showed that defendant did not make a full and fair disclosure to his attorney); United States v. Miles, 290 F.3d 1341 (11th Cir. 2002) (instruction on advice of counsel defense is not warranted where defendant did not seek counsel's advice). Whether the defense has merit is a jury question. Vernon, 723 F.3d at 1269 (11th Cir. 2013) ("The ultimate issue of whether a defendant relied in good faith on advice of counsel and therefore did not act willfully is a question of fact to be resolved by the jury").

By raising an advice of counsel defense, a defendant interjects the substance of his or her communications with an attorney on this issue into the litigation. Doing so implicitly waives the attorney-client privilege with regard to the substance of relevant communications. See Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001) (noting that "a party waives its attorney client privilege when it injects into this litigation an issue that requires testimony from its attorneys

..."). If this occurs, the United States will need to investigate (1) whether an attorney was consulted prior to the commission payments being paid or received, (2) what information the defendant provided the attorney, (3) what advice was given, (4) whether the defendant's actions conformed with the advice, and (5) whether the advice was reasonable.

Based on its investigation to date, the United States believes the defendants may seek to avail themselves of an advice of counsel defense at trial. The government has, for instance, interviewed David Tyler Pritchett, an attorney for the Mobile County License Commission, as well as others involved in matters concerning the investigation. The United States has also reviewed certain attorney communications in its possession, such as a letter written by Buzz Jordan. (Doc. 40). Although the United States cannot be certain about the defenses that might be raised at trial, it is reasonable to believe that the defendants may assert an advice of counsel defense.

The risk of confusion of issues, delay, time wasting, and misleading the jury per Federal Rules of Evidence 403 may be heightened in a potentially lengthy public corruption trial such as in the instant case. Any references to an advice of counsel defense without the requisite evidence to support the defense could certainly create FRE 403 issues. Moreover, as indicated above, raising an advice of counsel affirmative defense may constitute a waiver of any applicable attorney-client privilege, which could open the door to new lines of inquiry at trial.

In the interest of trial efficiency, the United States respectfully asks the Court to require the defendants to show before trial that they have met the prima facie elements of the advice of counsel affirmative defense before letting the jury ultimately decide whether the defense is merited.

Respectfully submitted on January 28, 2015.

        KENYEN R. BROWN
        UNITED STATES ATTORNEY

        By: */s/ GREGORY A. BORDENKIRCHER*
        Gregory A. Bordenkircher (BORDG3301)
        Assistant United States Attorney
        United States Attorney's Office
        63 South Royal Street, Suite 600
        Mobile, Alabama 36602
        Telephone: (251) 441-5845

        By: */s/ SINAN KALAYOGLU*
        Sinan Kalayoglu (kalas9469)
        Assistant United States Attorney
        United States Attorney's Office
        63 South Royal Street, Suite 600
        Mobile, Alabama 36602
        Telephone: (251) 441-5845

## CERTIFICATE OF SERVICE

     I hereby certify that on January 28, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for the defendants.

        */s/ GREGORY A. BORDENKIRCHER*
        Gregory A. Bordenkircher
        Assistant United States Attorney

        */s/ SINAN KALAYOGLU*
        Sinan Kalayoglu
        Assistant United States Attorney