IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CASE NO. 14-00291-CG |
| | * | |
| KIMBERLY SMITH HASTIE, et al. | * | |
| | * | |

**DEFENDANT KIMBERLY SMITH HASTIE'S RESPONSE TO GOVERNMENT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

Comes now the Defendant, Kimberly Smith Hastie, by and through undersigned counsel, and files this response to the Government's Motion to Modify Conditions of Release (Doc. 78), and avers as follows:

1. The Government's motion implies that Mrs. Hastie has somehow, through counsel, acted improperly. The allegations of the motion are exaggerated, misleading, and mischaracterize interactions between the Government and defense counsel; presumably a further attempt by the Government to degrade Mrs. Hastie's reputation and support, as well as to hamper her ability to acquire exculpatory evidence and mount a proper defense on her behalf.

**Interviews of Employees**

2. It is true that defense counsel conducted completely voluntary interviews at the License Commission office on a day that the building was closed to the public. All employees were informed by counsel that their participation was completely voluntary and that Mrs. Hastie would not be made aware of any employee's participation, or lack thereof.[1]

---

[1] Mrs. Hastie was not present at the office when the interviews were conducted.

Furthermore, all employees were informed that counsel would not discuss the substance of any conversation with Mrs. Hastie.

3. The Government's claim that employees were interviewed concerning matters not related to their work is facially absurd. The Government's accusations center on Commissioner Hastie's work activities, including the repeated allegation that she has "cultivated an environment of intimidation" at the License Commission. In fact, this appears to be the central theme of the Government's case. Mrs. Hastie absolutely denies any such allegation. These charges have created a large pool of potential employee-witnesses and have created a professional and ethical duty for defense counsel to interview the possibly exculpatory witnesses.[2]

4. The decision to interview employees at the License Commission was made by defense counsel—not Mrs. Hastie—and was designed to cause the least disruption possible to the operations of the organization and the lives of its employees. It sought to avoid a situation where employees felt pressured by being contacted after-hours at their residences or on their personal phones concerning issues related to their work environment.

5. Any allegations that the interviews were designed to make employees feel uncomfortable or pressured are completely unfounded. Management certainly was not monitoring the interviews. The interviews were brief and unintrusive. No complaints or indications of employee uneasiness were communicated to defense counsel by employees or the Government.

---

[2] To illustrate how critical the determination of whether an "environment of intimidation" existed, the conduct alleged in counts 10 through 15 is not a crime if no intimidation exists. It would be identical to conduct commonly engaged in by those with an interest in supporting a particular political candidate, absent a suggestion of intimidation.

**Defense Counsel's Desire to Obtain Evidence**

6. While the Government has accused Mrs. Hastie of "cultivating an environment of intimidation;" such an atmosphere never existed before the Government's intrusion into the office. Since that time, however, the Government's "star witness" and at least one License Commission employee have been utilized by the Government to obtain information during work hours using License Commission resources without the use of a warrant.

7. These same employees have undertaken a concerted effort to create exactly the type of environment of which the Government complains by spreading division and misinformation through the License Commission office, intimidating likely defense witnesses, and hampering the efficient operations of the organization. They have, with or without the direct knowledge of the Government, effectively become agent provocateurs imbedded within the License Commission.

8. The acts and allegations of these individuals have necessarily called into question their veracity and motives.

9. Defense counsel approached the Government at the latest arraignment concerning a desire to acquire the contents of certain employees' email accounts—accounts owned by the License Commission that the individuals have no legitimate ownership or privacy interests in. During that conversation, counsel for Defendants Hastie and Yeager informed the Government of a belief that these accounts likely hold evidence that is exculpatory or otherwise helpful to the defense.

10. The Government was informed that the defense would like to obtain the information as efficiently as possible, possibly by issuing a request letter to the License Commission rather than a subpoena.

11. The Government made its position clear that the defense would have to go through the Court to obtain the information. The defense made clear that it understood the Government's position and advised that they would utilize judicial avenues for the information if its desires continued. At no time did defense counsel give any indication that it would attempt to surreptitiously acquire the information in question despite the Government's vocalized objections.

12. The Government's discussion of this conversation in its motion is simply an unnecessary mischaracterization of the parties' interaction.

## Conclusion

Contrary to any claims by the Government, Commissioner Hastie has done everything possible to maintain a pleasant and professional environment for both her employees and the public. The defense strongly maintains that its interviews with license commission employees have been proper, ethical, and necessary to adequately address the allegations leveled against Mrs. Hastie. Mrs. Hastie has every right to investigate these allegations and any defenses available to her. The Government's present motion appears to simply be another attempt to erode Mrs. Hastie's support and ability to mount a defense.[3] Furthermore, the relief requested by the Government is inappropriate under the circumstances. Granting the motion would have an

---

[3] The Government's efforts to hamper Mrs. Hastie's ability to defend against the charges will likely be addressed in detail in a future motion.

unjust chilling effect on defense counsel's trial preparations and attempts to properly represent Mrs. Hastie.

As for the desire to acquire certain employees' email correspondence, it remains for the defense a settled issue:  The defense broached the issue with the Government to avoid unnecessary court intervention; the Government voiced objection.  The defense has had every intention since the conversation with the Government to seek the information through the Court.

WHEREFORE, Defendant respectfully moves this court to deny the Government's request to modify the conditions of relief.


Respectfully Submitted,

/s/ Neil L. Hanley
NEIL L. HANLEY
Attorney at Law
158 Congress Street
Mobile, AL 36603
Tel: (251) 432-5579
Fax: (251) 432-5507
Email: NHlawoffice@gmail.com


/s/ N. Stewart Hanley
N. STEWART HANLEY
Attorney at Law
158 Congress Street
Mobile, AL 36603
Tel: (251) 432-5579
Fax: (251) 432-5507
Email: hanleylawfirm@gmail.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing was served this the 23rd day of February, 2015 upon all counsel of record by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                   \s\ Neil L. Hanley