IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 14-00291-CG |
| ) | |
| KIMBERLY SMITH HASTIE and ) | |
| RAMONA MCARDLE YEAGER ) | |

**RESPONSE TO DEFENDANT HASTIE'S MOTION FOR RECONSIDERATION**

Comes now the United States of America, by and through the United States Attorney for the Southern District of Alabama, and files this response to defendant Kimberly Smith Hastie's reconsideration motion. Doc. 138. The United States asks the Court to deny the motion, for reasons stated below and for reasons provided in the United States' motion in limine to exclude Dr. Chang's testimony. Doc. 115.

Reconsideration motions are rarely granted. See, e.g., United States v. Crabtree, 2015 WL 631364, at *1 (S.D. Ala. Feb. 13, 2015) (reconsideration motion concerning suppression motion denied). Eleventh Circuit courts have observed:

> [R]econsideration motions in the criminal context are well-taken when they present one or more of the following: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. Moreover, as with motions for reconsideration in civil matters, motions to reconsider in criminal cases should not "simply rehash previously litigated issues" and "must be used sparingly."

United States v. Sabooni, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014) (citations omitted).

Hastie's motion fails Sabooni entirely. First, there has been no change in the law that would impact the Court's order. Second, Hastie offers zero new evidence that would warrant a different ruling. She relies almost entirely on argument, not evidence, and digresses onto issues peripheral to Dr. Chang. Her motion reads as a thinly-veiled attempt to present self-serving statements through an expert witness. She seeks to use extrinsic evidence on a collateral matter

1

(the merits of a hypothetical merger), which the Federal Rules of Evidence prohibits. See generally Fed.R.Evid. 608 (forbidding impeachment by extrinsic evidence on collateral matters). The fact that Hastie is striving to improperly bolster her credibility vis-à-vis Dr. Chang's speculations is revealed by the nature and scope of his study, which is essentially a Hastie marketing piece. As previously noted: Chang's study was unpublished; it contains few citations; Hastie helped draft the study; it was commissioned by Hastie, not the Mobile County Commission; the County Commission had no knowledge of the study until after it was produced; the County Commission refused to pay for it; Hastie promised to pay Dr. Chang for the study but never did; Dr. Chang received zero compensation for his work, despite wanting to be paid; the savings cited by Dr. Chang are estimations only; the merger bill never passed; etc. While Hastie herself may testify to her motivations for violating state law in illegally hiring personal consultants to do her bidding, she may not bring in extrinsic evidence vis-à-vis an unauthorized, theoretical study on a collateral matter to bolster her testimony, which would be improper and waste judicial resources.

Third, the Court's order presents no "clear error or manifest injustice." The Court properly ruled that Dr. Chang's testimony is FRE 403 barred. His testimony would undoubtedly mislead and confuse the jury. Nothing in Hastie's motion changes the fact that, as the Court correctly observed: "This trial is not about the merits of the merger plan or any activities related to the possibility of a merger." Doc. 129 at 8. Hastie endeavors to litigate an issue that has no bearing whatsoever on whether she committed the alleged offenses. She criticizes the United States for offering "[n]o competing expert opinion" and "[n]o contravening data or analysis" to "Dr. Chang's report and underlying data" (Doc. 138 at 11), but in so doing she misses the larger point. Since Dr. Chang's conjecture-laden testimony would have no impact on properly determining Hastie's guilt or innocence, it makes zero sense for the United States to hire an expert

to negate his findings. A key issue in this case is whether Haste, in violation of county and state regulations, surreptitiously used taxpayer funds to pay for her personal political consultants as alleged in the superseding indictment and, relatedly, whether she commissioned a study in violation of said rules. However, Hastie never gave the County Commission the opportunity to decide whether it should set aside taxpayer funds for her study. She commissioned the study in secret. The County Commission never approved the merger, and the merger bill never became law. Thus, Hastie's quest to validate her self-serving study centers upon a moot point. For trial purposes, it is wholly inconsequential whether Dr. Chang was right or wrong about whether Hastie's merger proposal was good or bad. Having a mini-trial and wasting time debating the merits of an idea that never came to fruition is squarely within the purview of FRE 403 and FRE 608's prohibitions on using extrinsic evidence on collateral matters.

## Conclusion

For all stated reasons, the United States asks the Court to deny Hastie's reconsideration motion.

Respectfully submitted on March 20, 2015.

                                        KENYEN R. BROWN
                                        UNITED STATES ATTORNEY

                                        By: */s/ GREGORY A. BORDENKIRCHER*
                                        Gregory A. Bordenkircher (BORDG3301)
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        63 South Royal Street, Suite 600
                                        Mobile, Alabama 36602
                                        Telephone: (251) 441-5845

                                        By: */s/ SINAN KALAYOGLU*
                                        Sinan Kalayoglu (kalas9469)
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        63 South Royal Street, Suite 600
                                        Mobile, Alabama 36602
                                        Telephone: (251) 441-5845

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 20, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for the defendants.

*/s/ GREGORY A. BORDENKIRCHER*
Gregory A. Bordenkircher
Assistant United States Attorney


*/s/ SINAN KALAYOGLU*
Sinan Kalayoglu
Assistant United States Attorney