## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 14-00291-CG-N |
| | ) | |
| KIMBERLY SMITH HASTIE and | ) | |
| RAMONA McARDLE YEAGER, | ) | |
|     Defendants. | ) | |

## ORDER

This action is before the Court on the "Request for Discovery" (Doc. 122) filed by Defendants Kimberly Smith Hastie and Ramona McArdle Yeager[1] (hereinafter, "the Defendants").  The Government has timely filed a response (Doc. 134) in opposition to the request.  The undersigned construes Hastie and Yeager's "Request for Discovery" as a motion to compel discovery from the Government[2] brought under (1) Federal Rule of Criminal Procedure 16(d)(2)(A) ("If a party fails to comply with [Rule 16], the court may order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions."), (2) *Roviaro v. United States*, 353 U.S. 53 (1957), and (3) the due-process requirements of *Brady v. Maryland*, 373 US 83 (1963), and *Giglio v. United States*,

---

[1] Yeager's "Motion to Adopt Motion for Discovery" (Doc. 124) is **GRANTED**.

[2] *See* SD ALA LR 16.13(a) & (d) ("It is the Court's policy to rely on the standard discovery procedure as set forth in this Rule as the sole means of the exchange of discovery in criminal actions except in extraordinary circumstances…No discovery motions shall be filed for information or material within the scope of this Rule unless it is a motion to compel, a motion for protective order or a motion for an order modifying discovery. *See* Fed. R. Crim. P. 16(d).  Discovery requests made pursuant to Fed. R. Crim. P. 16 and this Local Rule require no action on the part of this Court and should not be filed with the Court, unless the party making the request desires to preserve the discovery matter for appeal.")

405 US 150 (1972).[3]  Under SD ALA LR 72.2(b)(2), this non-dispositive matter has been referred to the undersigned Magistrate Judge for disposition in accordance with 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Criminal Procedure 59(a).

Upon consideration, and for the reasons set forth herein, the Court finds that the Defendants' "Request for Discovery" (Doc. 122) is due to be **DENIED**.

## I.     Analysis

### a.     Fed. R. Crim. P. 16 / *Roviaro*

"Rule 16(a) of the Federal Rules of Criminal Procedure…spells out the materials the prosecution must produce on the defendant's request." *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003).   Relevant to Rule 16, the Defendants move the Court to order the Government as follows:

> 1. Provide all documents received from License Commission employees or contractors at the request of the Government and not pursuant to a search warrant or subpoena. Provide the date(s) these documents were obtained and from whom the documents were obtained.
>
> …
> 3. Identify the "whistle blower" mentioned by the government at the hearing on February 25, 2015 who came to the FBI to report irregularities at the License Commissioner's office which launched this investigation.

---

[3]     Per the Court's Orders on Arraignment on Superseding Indictment, "[d]iscovery in this action shall be conducted according to the requirements of SD ALA LR 16.13." (Doc. 73 at 3; Doc. 74 at 3).  SD ALA LR 16.13(b)(1) requires the Government, "[a]t arraignment, or on a date otherwise set by the Court for good cause shown," to tender to a defendant, *inter alia*, all discoverable information within the scope of Federal Rule of Criminal Procedure 16(a), and all *Brady* and *Giglio* material.   The Court previously ordered that, if the Government "has not provided the information required by SD ALA LR 16.13(b) at the time of arraignment, a notice shall be filed no later than February 18, 2015, which identifies the outstanding discovery and provides the anticipated production date." (Doc. 73 at 3; Doc. 74 at 3).  No such notice was filed.

In accordance with SD ALA LR 16.13(d), the Defendants' "Request for Discovery" certifies that their counsel has first conferred with opposing counsel and attempted to resolve the subject matter of the motion. (*See* Doc. 122 at 2).

4. Provide all reports concerning this "whistle blower" and any agent notes of interviews with this "whistle blower".

5. Provide the names of any public officials who are involved in the initiation of this investigation. Provide any reports of their involvement and any agent notes of interviews of these officials.

6. Provide all of Victor Crawford's telephone records in your possession

7. Provide all of Chad Tucker's telephone records in your possession.

…

(Doc. 122 at 1-2).

In their response the Government does not directly address the Defendants' request that the Government be compelled to identify witnesses (i.e. a "whistle blower" and "public officials who are involved in the initiation of this investigation"). Nevertheless, the Court finds that this request is due to be denied. Rule 16(a) does not provide for disclosure of the identities of Government witnesses, nor does any other authority provide a criminal defendant with an unfettered right to the disclosure of such information. *See United States v. Johnson*, 713 F.2d 654, 659 (11th Cir. 1983) ("A criminal defendant has no absolute right to a list of the government's witnesses in advance of the trial."); *United States v. Fischel*, 686 F.2d 1082, 1090-91 (5th Cir. 1982) ("Rule 16, which addresses the scope and manner of criminal discovery, makes no provision for the production of the names and addresses of witnesses for the government…[W]hile a court may require production of a witness list on the defendant's request, the court is curbed only by its own discretion. *United States v. Edmonson*, 659 F.2d 549 (5th Cir. 1981); *United States*

*v. Moseley*, 450 F.2d 506, 510 (5th Cir. 1971), *cert. denied*, 405 U.S. 975, 92 S. Ct. 1200, 31 L. Ed. 2d 250 (1972).  Thus, the federal rules provide no avenue to force disclosure of the address of a government informant."); *United States v. Aiken*, 76 F. Supp. 2d 1339, 1343 (S.D. Fla. 1999) ("Under [Rule 16], there is no authority requiring the Government to supply witness lists or witness statements until that witness has testified on direct examination, unless such information is required sooner by *Brady* or *Giglio*.").

"The federal rules are not the only source for criminal discovery, however…[I]n certain circumstances…the supervisory powers of the courts, *Roviaro v. United States*, 353 U.S. 53, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957) (confidential informants with relevant and helpful information) have been found to require divulgence of information in the government's hands." *Fischel*, 686 F.2d at 1091.

> The government has the privilege to withhold from disclosure the identity of its informants, but this privilege is limited. The Supreme Court in *Roviaro v. United States,* 353 U.S. 53, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957), which reversed a criminal conviction where the defendant had been denied access to a confidential informant, set forth a balancing test in which a court must take into account the particular circumstances of each case, the crime charged, possible defenses, and the potential significance of the informant's testimony. 353 U.S. at 62, 77 S. Ct. 623. If disclosure is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro,* 353 U.S. at 60–61, 77 S.Ct. 623. *See also United States v. Gutierrez,* 931 F.2d 1482 (11th Cir.), *cert. denied,* 502 U.S. 916, 112 S.Ct. 321, 116 L. Ed. 2d 262 (1991); *United States v. Kerris,* 748 F.2d 610, 613–14 (11th Cir.1984).

*United States v. Rutherford*, 175 F.3d 899, 901 (11th Cir. 1999).

> The Supreme Court requires balancing competing interests, [*Roviaro,* 353 U.S.] at 62, 77 S. Ct. 623, and [the Eleventh Circuit] has found that this inquiry principally involves consideration of three factors: (1)

4

> "the extent of the informant's participation in the criminal activity"; (2) "the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant"; and (3) "the government's interest in nondisclosure." *United States v. Tenorio–Angel,* 756 F.2d 1505, 1509 (11th Cir. 1985). "The government's interest may be proven by showing that disclosure might endanger the informant or other investigations." *Id.*

*United States v. Flores*, 572 F.3d 1254, 1265 (11th Cir. 2009) (per curiam).

The individuals whose identities the Defendants seek could be deemed government informants.[4] The Defendants have made no attempt to show how any of the informant identities they seek is relevant and helpful to the defense, nor have they made an effort to address the "balancing test" for overcoming the privilege. Accordingly, the Defendants have not shown entitlement to any of the requested witness identities.

Rule 16(a)(1)(E) addresses the Government's discovery obligations for documents and objects. Under this Rule (formerly Rule 16(a)(1)(C)),

> the government must permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, if the requested items (1) are material to the preparation of the defendant's defense; (2) are intended for use by the government as evidence in chief at the trial; or (3) were obtained from or belong to the defendant.

> An item in the first category need not be disclosed unless the defendant demonstrates that it is material to the preparation of his defense. A general description of the item will not suffice; neither will a conclusory argument that the requested item is material to the defense. *See United States v. Carrasquillo–Plaza*, 873 F.2d 10, 12–13 (1st Cir. 1989); *United States v. Cadet*, 727 F.2d 1453, 1466 (9th Cir. 1984). Rather, the defendant must make a specific request for the item

---

[4] Given that the Government has opposed the Defendants' discovery request in its entirety, the Court assumes that the Government implicitly invokes the informant's privilege as to this request.

together with an explanation of how it will be "helpful to the defense." *See, e.g.*, *United States v. Marshall*, 132 F.3d 63, 67–68 (D.C. Cir. 1998) ("helpful" means relevant to preparation of the defense and not necessarily exculpatory); *United States v. Olano*, 62 F.3d 1180, 1203 (9th Cir. 1995). As the Fifth Circuit put it in *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978) (quoting *United States v. Ross*, 511 F.2d 757, 762–63 (5th Cir. 1975)), the defendant must "show" "more than that the [item] bears some abstract logical relationship to the issues in the case.... There must be some indication that the pretrial disclosure of the [item] would ... enable [ ] the defendant significantly to alter the quantum of proof in his favor."

*Jordan*, 316 F.3d at 1249-50 (footnotes omitted). *Accord United States v. Cruz-Camacho*, 588 F. App'x 886, 889 (11th Cir. Oct. 8, 2014) (per curiam) (unpublished).

The Defendants do not claim that any of the requested discovery was obtained from or belongs to them. Moreover, as the Government correctly notes, the Defendants have made no effort to meet their burden to demonstrate that any of the "documents and tangible objects" they seek are material to the preparation of their defense, having offered no explanation of how any of requested evidence will be helpful to their defense (indeed, they have not even made a "conclusory argument" that the requested items are material). *Cf. Cruz-Camacho*, 588 F. App'x at 889 ("In this case, the district court did not abuse its discretion under Rule 16 because Cruz–Camacho did not make a sufficiently specific request for the police report. In his discovery motion, Cruz–Camacho simply recited the language of Rule 16 and never requested materials relating to his disdain for drugs. Nor, at the time of his discovery motion, did Cruz–Camacho demonstrate that a police report for an extrinsic drug arrest would be material to the preparation of his defense against unlicensed firearm dealing charges. Thus, Cruz–Camacho's bare recitation of Rule

6

16's statutory language did not constitute a sufficiently specific request for the police report, nor did it explain why the police report would be material to his defense. Accordingly, the government did not violate Rule 16 by failing to disclose the police report in its discovery responses." (internal citations omitted)).

Neither the Defendants nor the Government address whether the Government "intends to use [any of the requested ]item[s] in its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(E)(ii).[5]   However, the Government does represent: "Per Rule 16(a)(1)(E)(ii) and (iii), the United States has tendered all discovery within its 'possession, custody, or control.'   If the United States finds additional discoverable Rule 16(a) evidence, [the Defendants] will receive it in due course per Rule 16(c)."   (Doc. 134 at 4).   The Government made substantially the same representations to the Defendants prior to their bringing the instant motion (*see* Doc. 122 at 2; Doc. 134 at 3 n.2), and the Defendants have offered no argument or evidence that causes the Court to question the Government's representations in this regard.

---

[5] "The phrase 'evidence in chief' has been interpreted to mean proof presented in the government's case in chief, and not to evidence used only for impeachment or rebuttal.   On the other hand, documents are considered part of the evidence in chief if they are marked and offered into evidence by the government or relied on or referred to in any way by the government's witness." *Jordan*, 316 F.3d at 1250 n.75 (internal citations omitted). *See also United States v. Wells*, 525 F.2d 974, 976 (5th Cir. 1976)  ("The checks were outside the scope of the production order because they were introduced not as part of the Government's case-in-chief, but as impeachment evidence during the cross-examination of defendant B. C. Wells. We conclude that there was neither non-compliance with the production order nor abuse of discretion in the court's ruling that these items were admissible."); *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent in the Eleventh Circuit all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

Additionally, as to the Defendants' request for reports concerning Government witnesses and agent notes of interviews of witnesses, the Defendants are not entitled to receive any such material at this time. *See* 18 U.S.C. § 3500(a) ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."); Fed. R. Crim. P. 16(a)(2) ("Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.")

Accordingly, the Defendants' "Request for Discovery" (Doc. 122) is due to be **DENIED** as to their requests under Rule 16 and *Roviaro*.

### b.    *Brady* and *Giglio* Material

In addition to the government's discovery obligations under Rule 16(a), the government must also honor the defendant's constitutional rights, particularly the due process right *Brady v. Maryland* established. *Brady* requires the prosecutor to turn over to the defense evidence that is favorable to the accused, even though it is not subject to discovery under Rule 16(a), since, eventually, such evidence may "undermine[ ] the confidence in the outcome of the trial." *United States v. Newton,* 44 F.3d 913, 918 (11th Cir. 1995) (quoting *United States v. Bagley,* 473 U.S. 667, 678, 105 S. Ct. 3375, 3381, 87 L. Ed. 2d 481 (1985)). The defendant's right to the disclosure of favorable evidence, however, does

not "create a broad, constitutionally required right of discovery." *Bagley,* 473 U.S. at 675 n.7, 105 S. Ct. at 3380 n.7.[80] Indeed, a "defendant's right to discover exculpatory evidence does not include the unsupervised right to search through the [government's] files," *Pennsylvania v. Ritchie,* 480 U.S. 39, 59, 107 S. Ct. 989, 1002, 94 L.Ed.2d 40 (1987), nor does the right require the prosecution to deliver its entire file to the defense. *See* [*United States v.* ]*Agurs,* 427 U.S. [97,] 109, 96 S. Ct. [2392,] 2400[ (1976)]. Rather, *Brady* obligates the government to disclose only favorable evidence that is "material." The "touchstone of materiality is a 'reasonable probability' of a different result." *Kyles v. Whitley,* 514 U.S. 419, 434, 115 S. Ct. 1555, 1566, 131 L. Ed. 2d 490 (1995). Accordingly, under *Brady,* the government need only disclose during pretrial discovery (or later, at the trial) evidence which, in the eyes of a neutral and objective observer, could alter the outcome of the proceedings. Not infrequently, what constitutes *Brady* material is fairly debatable…

> FN80 - The Supreme Court in *Bagley* explained that:
>
>> An interpretation of Brady to create a broad, constitutionally required right of discovery "would entirely alter the character and balance of our present systems of criminal justice." Furthermore, a rule that the prosecutor commits error by any failure to disclose evidence favorable to the accused, no matter how insignificant, would impose an impossible burden on the prosecutor.
>
> *Bagley*, 473 U.S. at 675 n.7, 105 S. Ct. at 3380 n.7 (quoting *Giles v. Maryland*, 386 U.S. 66, 117, 87 S. Ct. 793, 818, 17 L. Ed. 2d 737 (1967) (dissenting opinion)).

…

[T]he prosecutor must continue to comply with *Brady*'s demands once the trial begins. Accordingly, the prosecutor must turn over any newly discovered items that materially favor the defense, *see High v. Head,* 209 F.3d 1257, 1265 n.8 (11th Cir. 2000) (prosecutor has "ongoing" duty to disclose exculpatory evidence), as well as any impeachment evidence that is likely to cast doubt on the reliability of a witness whose testimony "may well be determinative of guilt or innocence." *Bagley,* 473 U.S. at 676–77, 105 S. Ct. at 3380–81 (quoting *Giglio v. United States,* 405 U.S. 150, 154, 92 S. Ct. 763, 766, 31 L. Ed. 2d 104 (1972)). *See United States v. Bueno–Sierra,* 99 F.3d 375, 380 (11th Cir.

1996). Impeachment evidence should be disclosed in time to permit defense counsel to use it effectively in cross-examining the witness. *See United States v. Bueno–Sierra,* 99 F.3d at 379–80; *United States v. Higgs,* 713 F.2d 39, 43–44 (3d Cir. 1983).

*Jordan*, 316 F.3d at 1251-53 (one footnote omitted).

Relevant to *Brady* and *Giglio*, the Defendants move that the Government be ordered to:

2.    Provide all *Brady* and *Giglio* material as to Victor Crawford, Chad Tucker and any other Government witness. This would include any agreements and/or deals made with Tucker or Crawford including agreements not to prosecute them as co-conspirators and whether the government has agreed to assist any witness in bringing a civil action to recover money under the federal whistle blower statute.

…

8.    Provide all *Brady* and *Giglio* material of any kind.

(Doc. 122 at 1-2).  As provided in *Jordan*:

Where…the defendant only makes a general request for exculpatory material under *Brady*, the government decides which information must be disclosed. *Ritchie*, 480 U.S. at 59, 107 S. Ct. at 1002 (footnote omitted). "Unless the defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *Id.* If the defendant is aware of specific information contained in the government's file, "he is free to request it directly from the court, and argue in favor of its materiality." *Id.* However, mere speculation or allegations that the prosecution possesses exculpatory information will not suffice to prove "materiality." *See, e.g., United States v. Ramos*, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained *Brady* evidence insufficient); *United States v. Williams–Davis*, 90 F.3d 490, 513 (D.C. Cir. 1996); *United States v. Michaels*, 796 F.2d 1112, 1116 (9th Cir. 1986). The defendant must show that there is a reasonable probability the evidence could affect the outcome of the trial. *See Baxter v. Thomas*, 45 F.3d 1501, 1507 (11th Cir. 1995).

Additionally,…a general request for "all" *Brady* material…does not help the prosecutor determine which information in the government's

possession might constitute *Brady* evidence.

*Jordan*, 316 F.3d at 1252 n.81.  *See also Weatherford v. Bursey*, 429 U.S. 545, 559 (U.S. 1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one; as the Court wrote recently, 'the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded. . . .' " (quoting *Wardius v. Oregon*, 412 U.S. 470, 474 (1973)).

The Defendants' request is "a general request for exculpatory material."[6] Thus, without more, the Court must accept the Government's representation that it currently "has no *Giglio* or *Brady* material to disclose per [the Defendants'] requests."  (Doc. 134 at 6).   Additionally, the Government is only required to disclose *Giglio* material "in time to permit defense counsel to use it effectively in cross-examining [a] witness."  *Jordan*, 316 F.3d at 1253.  Trial is currently set for the Court's May 2015 criminal term (*see* Docs. 73, 74), and the Defendants have not shown that the non-disclosure of *Giglio* material at this time would hamper their ability to effectively cross-examine Government witnesses.

As such, the Defendants' "Request for Discovery" (Doc. 122) is due to be **DENIED** as to their requests for *Brady* and *Giglio* material.

---

[6] The Defendants have provided one specific example of *Brady/Gigilo* material in their request: "any agreements and/or deals made with" certain Government witnesses. Pursuant to *Giglio*, "[t]he prosecution must…reveal the contents of plea agreements with key government witnesses…"  *California v. Trombetta*, 467 U.S. 479, 485 (1984) (citing *Giglio*).  The Defendants' request, however, does not indicate that they are aware that such evidence actually exists and is being withheld.  *See Ritchie*, 480 U.S. at 59.  It appears, instead, to be mere speculation that the Government may be in possession of such material, which is insufficient to warrant compelling disclosure.  *See Jordan*, 316 F.3d at 1252 n.81.

## II.   Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that the Defendants' "Request for Discovery" (Doc. 122) is **DENIED**.

**DONE** and **ORDERED** this the 20th day of March 2015.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**