**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 14-00291-CG |
| ) | |
| KIMBERLY SMITH HASTIE and ) | |
| RAMONA MCARDLE YEAGER ) | |

**RESPONSE TO DEFENDANT HASTIE'S MOTION IN LIMINE AND MOTION TO STRIKE SURPLUSAGE**

Comes now the United States of America, by and through the United States Attorney for the Southern District of Alabama, and files this response to defendant Kimberly Smith Hastie's motion in liminie [sic] and motion to strike surplusage.  Doc. 143.  The Court previously denied two motions to strike surplusage joined and adopted by Hastie.  Doc. 135.  The United States asks the Court to similarly rule and deny her latest motions.

The Eleventh Circuit has observed:

> To commit wire fraud or mail fraud, a defendant must (1) intentionally participate in a scheme to defraud and (2) use or cause the use of the wires or mail for the purpose of executing the scheme.  A defendant's intent to defraud may be inferred from his conduct.  His profits from a fraud are circumstantial evidence of his intent to participate in the fraud.  To prove a scheme to defraud, the government must provide proof of a material misrepresentation that has a natural tendency to influence a person of ordinary prudence or is capable of influencing a person of ordinary prudence.  To commit a conspiracy offense under 18 U.S.C. § 1349, a defendant must knowingly and willfully join an unlawful scheme to defraud.  The government may prove the defendant's knowledge of the scheme through circumstantial evidence.

United States v. Vernon, 593 F. App'x 883, 888 (11th Cir. 2014) (citations omitted); see also United States v. Sarro, 742 F.2d 1286, 1293 (11th Cir. 1984) (a conspiracy requires an agreement to commit an unlawful act and an overt act by one of the conspirators in furtherance of the conspiracy) (citations omitted).

1

Count 1 of the superseding indictment outlines the conspiracy to commit wire and mail fraud:

> The objective of the conspiracy was to trick and deceive the County Commission and the citizens of Mobile County by falsifying invoices and misappropriating funds, and to obtain political lobbying and consulting services and personal benefits without the knowledge and oversight of the County Commission and at the expense of Mobile County taxpayer dollars.

Doc. 45, ¶ 14.

Contrary to Hastie's claims, paragraphs 24-26 are directly relevant to the charged conspiracy and are not unfairly prejudicial or inflammatory. They offer another example of Hastie misappropriating funds and deceiving the Mobile County Commission in order to acquire personal consulting services at the expense of Mobile County taxpayers. As License Commissioner, Hastie is permitted to withdraw money from the License's Commission segregated account, colloquially known as the $1.25 fund, only for certain enumerated reasons established by law. Doc. 45, ¶ 25. Unbeknownst to the County Commission, Hastie withdrew $10,000 from the account to pay a lobbyist to lobby for her merger project. Id., ¶ 26. In so doing, Hastie violated Ala. Code § 36-25-5(c), which prohibits public officials from using public property under their control for private benefit. Hastie's misuse of the $1.25 fund goes right to her "scheme and artifice to defraud Mobile County." Doc. 45, ¶¶ 33, 35. She "misrepresented to the County Commission services that political consultants provided to the License Commission." Id. The County Commission neither signed off on the lobbyist's services nor approved Hastie's $10,000 payment to the lobbyist.

The $1.25 fund is "fair game" for trial. The Court has ruled that a legal opinion drafted by Buzz Jordan, one of Hastie's defense attorneys, concerning the $1.25 fund is admissible evidence. Doc. 129. Mr. Jordan may be asked to testify about his legal opinion. Id. at 3 n.2; Doc. 137. Hastie has admitted that she paid the aforementioned lobbyist from the $1.25 fund and that she will

"introduce the [legal opinion] as a defense exhibit at trial." Doc. 43 at 1. The United States will offer the legal opinion at trial to prove Hastie's criminal conduct. Doc. 40 at 5. Hence, notwithstanding Hastie's latest attempt to excise references to the $1.25 fund, the facts in paragraphs 24-26 are clearly material to the trial, for they are critical to determining whether Hastie is guilty as to Count 1.

In seeking to downplay issues concerning the $1.25 fund, Hastie misconstrues the Count 1 conspiracy charge:

> This case is not about whether Mrs. Hastie paid Strategy out of the proper License Commission account. It is about whether she tricked the County Commission into paying for "personal political consulting" services rendered by Stateco, LLC through the billing of Victor Crawford. These two issues are completely separate and unconnected. The former has no relevancy as to the latter, and is included simply to prejudice the defense and inflame the jury.

Doc. 143 at 5.

These observations completely miss the mark. Nowhere in the superseding indictment does it say that the conspiracy to commit wire and mail fraud is limited to services rendered by Strateco, LLC. The fact that Hastie misappropriated funds is an important part of the United States' case-in-chief. Furthermore, as previously indicated, Hastie <u>herself</u> has said she will introduce evidence at trial concerning the $1.25 fund. Doc. 43 at 1 ("[T]he defense will also introduce the letter as a defense exhibit at trial as evidence that Defendant Hastie made a "mistake" in paying the invoice from the wrong account but the payment was for the License Commissioner's Office legal purpose."). Assuming <u>arguendo</u> Hastie was correct in averring that "[t]his case is not about whether Mrs. Hastie paid Strategy out of the proper License Commission account (Doc. 143 at 5), it would make no sense that she would strive to introduce evidence regarding the $1.25 fund. Either Hastie was wrong before, or she is wrong now.

While Hastie has every right to contest the superseding indictment's allegations, the appropriate time to do so is at trial. As the Court ruled in denying Hastie's previous motions to

strike surplusage: "Defendants dispute precisely what the Government must prove at trial, and argue that the acts alleged are neither illegal nor are they connected to a conspiracy. (Doc. 96, p. 2). But that will be resolved at trial." Doc. 135 at 4. The misuse of the $1.25 fund is an important trial issue, and the United States must be permitted to put forth evidence to prove its case beyond a reasonable doubt.

## Conclusion

For all stated reasons, the United States asks the Court to deny Hastie's motion in liminie [sic] and motion to strike surplusage.

Respectfully submitted on March 23, 2015.

> KENYEN R. BROWN
> UNITED STATES ATTORNEY
>
> By: */s/ GREGORY A. BORDENKIRCHER*
> Gregory A. Bordenkircher (BORDG3301)
> Assistant United States Attorney
> United States Attorney's Office
> 63 South Royal Street, Suite 600
> Mobile, Alabama 36602
> Telephone: (251) 441-5845
>
> By: */s/ SINAN KALAYOGLU*
> Sinan Kalayoglu (kalas9469)
> Assistant United States Attorney
> United States Attorney's Office
> 63 South Royal Street, Suite 600
> Mobile, Alabama 36602
> Telephone: (251) 441-5845

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 23, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for the defendants.

*/s/ GREGORY A. BORDENKIRCHER*
Gregory A. Bordenkircher
Assistant United States Attorney


*/s/ SINAN KALAYOGLU*
Sinan Kalayoglu
Assistant United States Attorney