## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO. 14-00291-CG-N** |
| | ) | |
| **KIMBERLY SMITH HASTIE,** | ) | |
| **and RAMONA MCARDLE YEAGER,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

This matter is before the Court on Defendants' motion to reconsider the Court's order granting the Government's motion *in limine* concerning the testimony of Dr. Semoon Chang (Doc. 138, 152), the Government's response in opposition (Doc. 142), and Defendants' reply. (Doc. 153). For the reasons set forth herein, the motion is due to be **DENIED**.

## BACKGROUND

On March 2, 2015, the Government filed a motion *in limine* asking this Court to exclude the testimony of Dr. Semoon Chang. (Doc. 115). The Court granted the Government's motion on March 13, 2015, and noted in its order "Defendants did not respond to the motion *in limine* concerning Dr. Chang." (Doc. 129, p. 7).  On March 20, 2015, Hastie asked the Court to reconsider its decision. (Doc. 138, p. 2). Defendants anticipated having two weeks to respond to the motion *in limine*, thus they did not respond to the motion before the Court issued its ruling. (Doc. 138, p. 1). The Court agreed to reconsider its ruling in light of Defendants' response to the

motion *in limine*.[1] (Doc. 141).

The motion for reconsideration requires a brief review of the charges in this case, and an overview of the testimony the Government seeks to exclude. The indictment alleges that, among other things, Defendants "sought to have the County Commission unknowingly finance Hastie's aspirations of serving as Revenue Commissioner in a merged License/Revenue Commission in or about October 2015." (Doc. 1, pp. 5 – 6). Hastie is the Mobile County License Commissioner (Doc. 1, p. 2), and Yeager is the Mobile County Deputy License Commissioner. (Doc. 1, p. 3). The specific charges against Hastie and Yeager are based on overt acts that span from roughly July 2012 until July 2014, and include one count of conspiracy, five counts of wire fraud, and three counts of mail fraud. (Doc. 1, pp. 3 – 12). The same indictment charged Hastie with six counts related to Hobbs Act Extortion under Color of Official Right, and one count of making a false statement to a Federal Bureau of Investigation agent regarding activities at the License Commission. (Doc. 1, pp. 13 – 15). The Government later filed a superseding indictment, in which a grand jury indicted Hastie on two additional counts. (Doc. 45, pp. 15 – 21).[2]

In October 2014, Dr. Chang, an economist, conducted a study that purported

---

[1] Defendants request a "hearing on this matter so the Court may fully explore the complicated and attenuated theory of prosecution in this case, and how Dr. Chang's testimony relates to this theory." (Doc. 138, p. 2). The Court concludes a hearing is not necessary on this matter.

[2] The Court previously severed from this case one of the counts against Hastie in the superseding indictment. (Doc. 121).

2

to show the benefits of merging the Mobile County License and Revenue Commissions. (Doc. 115, p. 1). At Hastie's direction, Dr. Chang prepared the study for the License Commission, and concluded "[a] reduction of one million dollars is an achievable goal after the License Commission is merged with the Revenue Commission." (Doc. 115, pp. 2, 4; Doc. 138, Exh. 2, pp. 1, 3). The merger never occurred. (Doc. 115, p. 1).

In her response, Hastie argues "Dr. Chang's testimony is relevant to show the intent of Mrs. Hastie's acts were not fraudulent, but in-fact proper and legal." (Doc. 138, p. 10). Hastie claims, "Dr. Chang's expert testimony is expected to verify the fact that Mrs. Hastie's work to combine the License and Revenue Commissions was not founded on some fabricated claim of savings, unsupported by evidence and designed only to further her political career." (Doc. 138, p. 9). "Rather, the work was grounded in significant research and valid data – long before Dr. Chang became involved." (Doc. 138, p. 9). His testimony, Hastie argues, will show "the true and legal intent of all of Mrs. Hastie's efforts to combine the organizations was to benefit the very citizens that the Government accuses her of defrauding." (Doc. 138, p. 9).

The Government maintains Dr. Chang's testimony is irrelevant because it is "wholly inconsequential whether Dr. Chang was right or wrong about" "Hastie's merger proposal." (Doc. 142, p. 3). Hastie herself may testify about her motivations for hiring certain consultants, but the Government argues she may not bring in extrinsic evidence on a collateral matter to bolster her testimony. (Doc. 142, p. 2). The Government also asserts Dr. Chang's testimony would mislead and confuse the

jury, in violation of Federal Rule of Evidence 403. (Doc. 142, p. 2).  The arguments concerning Dr. Chang's testimony are addressed below.

## ANALYSIS

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. FED. R. EVID. 401; see also United States v. Ellisor, 522 F.3d 1255, 1271, n. 20 (11th Cir. 2008) ("The rules of evidence proscribe the admission of irrelevant evidence, defined as evidence with has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needlessly presenting cumulative evidence. FED. R. EVID. 403. "Unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403, Advisory Committee Notes.

In its previous order regarding the testimony of Dr. Chang, the Court concluded:

> In this case, Dr. Chang's testimony could be relevant, but even so its relevance is substantially outweighed by the danger of misleading or confusing the jury. Whether merging the License and Revenue Commissions would save Mobile County taxpayers money is not an issue underlying the alleged crimes; nor does the Government allege Hastie ever compensated Dr. Chang for his research from License Commission funds or otherwise. (Doc. 115, p. 5). As the Government observes, even if Dr. Chang is correct about the merger, "his being

right adds no probative value to determining whether Hastie is guilty of the alleged offenses." (Doc. 115, p. 5). (Doc. 129, pp. 7 – 8).

The Court again finds that Dr. Chang's testimony is not relevant, and even so it would mislead or confuse the jury. Dr. Chang's study pertains only to whether a License and Revenue Commission merger could save taxpayers money. The study does not address whether Defendants hired or should hire consulting companies (Doc. 138, Exh. 2), nor does it discuss any of the accounts, payments, or invoices listed in the indictment. (Doc. 45, pp. 5 – 13). As mentioned, Defendants and the License Commission did not pay Dr. Chang for his work, thus the study itself does not involve the potential misallocation of any funds.  Additionally, the acts alleged in the indictment occurred between July 2012 and July 2014. (Doc. 45, pp. 5 – 17). Dr. Chang produced his study in October 2014, meaning the study did not occur contemporaneously with any of the charges. (Doc. 138, Exh. 2, p. 1). As a result, Defendants' motion to reconsider the exclusion of Dr. Chang's testimony is **DENIED**.

## CONCLUSION

After careful consideration, Defendant Hastie's motion for reconsideration (Doc. 138) is **DENIED**.

**DONE and ORDERED** this 25th day of March, 2015.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE