IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 14-00291-CG-N |
| | ) | |
| KIMBERLY SMITH HASTIE | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This action is before the Court on the Government's "Motion to Disqualify Defense Counsel" (Doc. 137).  The Government seeks an order from the Court disqualifying Joe Carl Jordan, Esq., as counsel for Defendant Kimberly Smith Hastie ("Defendant"), on the grounds that he will be called as a witness in this case, thus creating a conflict of interest at trial.  The Defendant has filed a response in opposition to the motion (Doc. 145) and the Government has filed a reply (Doc. 148) to the response.  A hearing on the motion was held before the undersigned on March 25, 2015.  Present were the Government's counsel of record – Assistant United States Attorneys Gregory A. Bordenkircher, Esq., and Sinan Kalayoglou, Esq. – the Defendant, and the Defendant's counsel of record – Mr. Jordan, Neil Hanley, Esq., and N. Stewart Hanley, Esq.

Under SD ALA LR 72.2(b)(2), this non-dispositive motion[1] has been referred to the undersigned Magistrate Judge for disposition in accordance with 28 U.S.C. §

---

[1] "A motion to dismiss or disqualify counsel is a nondispositive matter." *United States v. Melton*, 948 F. Supp. 2d 998, 1001 (N.D. Iowa 2013) (citing cases).  *See also Estate of Jones ex rel. Gay v. Beverly Health & Rehab. Servs., Inc.*, 68 F. Supp. 2d 1304, 1306 n.1 (N.D. Fla.

636(b)(1)(A) and Federal Rule of Criminal Procedure 59(a).  Upon consideration of the arguments contained in the motion and responses and those made in open court, the undersigned finds that the motion (Doc. 137) is due to be **GRANTED in part**.

## I.     Background

On March 13, 2015, the Court, acting on a motion by the Government, found that a legal opinion dated August 5, 2014, drafted by Mr. Jordan for the Defendant (Doc. 40-1) is admissible as evidence at trial.  (*See* Doc. 129 at 2-3).  Per the Government:

> The United States seeks to use Mr. Jordan's letter at trial as non-hearsay evidence of Hastie's criminal conduct. The United States will offer the letter for the truth of the matter asserted, namely,that "Strategy, Inc. was not eligible to be paid from the $1.25 account" and that Strategy, Inc. did in fact "reimburse the Mobile County License Commissioner's $1.25 account."…The letter is relevant because it tends to make a fact of consequence (whether Hastie impermissibly withdrew and spent funds from a segregated account) more probable.

(Doc. 40 at 5).

In ruling the letter admissible, the Court noted: "It appears…that there is a real potential Mr. Jordan may be called as a witness by either the Government or Hastie if the letter is to be[] an issue at trial.  The Court suggests that the parties examine the issue of Mr. Jordan's potential conflict of interest to avoid it becoming a last-minute problem herein."  (*Id.* at 3 n.2).  The Government subsequently filed the present motion to disqualify (Doc. 137).

---

1999) ("Because an order disqualifying counsel is a non-case-dispositive matter it may be handled by a magistrate judge as a pre-trial duty under 28 U.S.C. § 636(b)(1)(A)." (citing *Affeldt v. Carr*, 628 F. Supp. 1097 (N.D. Ohio 1985), *aff'd.*, 827 F.2d 769 (6th Cir. 1987)).

## II. Analysis

### A. Sixth Amendment Right to Counsel

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "[A]n essential part of that right is the accused's ability to select the counsel of his choice." [*United States v.*] *Ross,* 33 F.3d [1507,] 1522[ (11th Cir. 1994)]. "Thus, a criminal defendant has a presumptive right to counsel of choice." *Id.*

Nevertheless, "while the right to ... be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat[ v. United States*], 486 U.S. [153,] 159, 108 S. Ct. [1692,] 1697[, 100 L. Ed. 2d 140 (1988)]. Thus, a defendant's right to the counsel of his choice is not absolute. *Id.* (noting some of the circumstances in which the right to counsel of choice is "circumscribed"); *see also Ross,* 33 F.3d at 1523.

"The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest"…*Id.* Emphasizing the judiciary's interest in ensuring and maintaining the integrity of our judicial system, the U.S. Supreme Court held in *Wheat* that "where a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver ...."[2] 486 U.S. at 162, 108 S. Ct. at 1698 (emphasis added).

---

[2] *See Ross*, 33 F.3d at 1524 ("[T]he client may waive [a] conflict of interest and elect to have the attorney continue representation, so long as that waiver is knowing, intelligent, and voluntary."); *United States v. Garcia*, 447 F.3d 1327, 1337 (11th Cir. 2006) (" 'In order for a waiver of the right to conflict-free counsel to be knowing and intelligent, the State must show that the defendant (1) was aware that a conflict of interest existed; (2) realized the consequences to his defense that continuing with counsel under the onus of a conflict could have; and (3) was aware of his right to obtain other counsel.' " (quoting *Zuck v. Alabama*, 588 F.2d 436, 440 (5th Cir. 1979)). However, the Court "is not required to accept a defendant's waiver." *Garcia*, 447 F.3d at 1337 (citing *Wheat*, 486 U.S. at 164).

3

*United States v. Campbell*, 491 F.3d 1306, 1310 (11th Cir. 2007).³ "[T]rial courts, when alerted by objection from one of the parties, have an independent duty to ensure that criminal defendants receive a trial that is fair and does not contravene the Sixth Amendment." *Wheat*, 486 U.S. at 161.

"An attorney 'may' be disqualified when an actual or even a potential conflict of interest exists…" *United States v. Garcia*, 447 F.3d 1327, 1337 (11th Cir. 2006) (citing *Ross,* 33 F.3d at 1523 ("The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial. *See United States v. Casiano,* 929 F.2d 1046, 1052 (5th Cir. 1991). When an actual conflict of interest exists, the client is denied effective assistance of counsel, and the attorney may be disqualified. *United States v. Martinez,* 630 F.2d 361, 362 (5th Cir.

---

³   In her response (Doc. 145 at 3 – 4), the Defendant quotes at length from *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), which held: "Where the right to be assisted by counsel of one's choice is wrongly denied,…it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received." 548 U.S. at 148.
   However, *Gonzalez-Lopez* "did not deflate the *Wheat* opinion's emphasis on the need to balance the right to counsel of choice with the need to ensure the integrity of the criminal justice system and the public appearance of fairness. In fact, *Gonzalez-Lopez* expressly reemphasized the point and stated, 'Nothing we have said today casts any doubt or places any qualification upon our previous holdings that limit the right to counsel of choice ….' 126 S. Ct. at 2565. The Court further noted that '[n]one of these limitations on the right to choose one's counsel is relevant here.' *Id.* at 2566." *Campbell*, 491 F.3d at 1311 n.2. *See also Williams v. United States*, 523 F. App'x 666, 669 (11th Cir. 2013) (per curiam) (unpublished) ("Under *Gonzalez–Lopez,* a defendant's choice-of-counsel right is violated when his 'choice is *wrongfully* denied.' 548 U.S. at 150, 126 S. Ct. at 2565 (emphasis added). But nothing in *Gonzalez–Lopez* denies district courts the authority 'to make scheduling … decisions that effectively exclude a defendant's first choice of counsel.' *Id.* at 152, 126 S. Ct. at 2566.").

4

1980), *cert. denied,* 450 U.S. 922, 101 S. Ct. 1373, 67 L. Ed. 2d 351 (1981). Indeed, even a potential conflict suffices for disqualification. *Wheat,* 486 U.S. at 164, 108 S. Ct. at 1700 ('a showing of a serious potential for conflict' overcomes presumption in favor of defendant's counsel of choice).")). "[A]n attorney has a potential conflict of interest if the interests of the defendant *could* place the attorney under inconsistent duties at some point during the course of his representation." *United States v. Carmichael,* 381 F. Supp. 2d 1317, 1323 (M.D. Ala. 2005) (Thompson, J.) (quoting *United States v. Jones,* 381 F.3d 114, 119 (2d Cir. 2004) (citing *United States v. Kliti,* 156 F.3d 150, 153 n.3 (2d Cir. 1998))).

"[A] criminal defendant has a presumptive right to counsel of choice, *Wheat,* 486 U.S. at 164, 108 S. Ct. at 1700, and courts should hesitate to disqualify defense counsel." *Ross,* 33 F.3d at 1522-23. Nevertheless, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat,* 486 U.S. at 160. "[T]he court must protect its independent interest in ensuring that the integrity of the judicial system is preserved and that trials are conducted within ethical standards[,]" *Ross,* 33 F.3d at 1523, though "[t]o be sure, this need to investigate potential conflicts arises in part from the legitimate wish of district courts that their judgments remain intact on appeal." *Wheat,* 486 U.S. at 161.

"Unfortunately for all concerned, a district court must pass on the issue whether or not to allow a waiver of a conflict of interest by a criminal defendant not

5

with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context…The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials." *Id.* at 162-63. "The decision whether disqualification is proper is judged from the perspective of the trial court at the time of disqualification." *Ross*, 33 F.3d at 1524 n.29 (citing *Wheat*, 486 U.S. at 162-64). A district court may "rel[y] on instinct and judgment based on experience in making its decision." *Wheat*, 486 U.S. at 163. While true that "the Government may seek to 'manufacture' a conflict in order to prevent a defendant from having a particularly able defense counsel at his side[,]…trial courts are []aware of this possibility, and must take it into consideration along with all of the other factors which inform this sort of a decision." *Id. See also U.S. v. Abbell* 939 F. Supp. 860, 864 (S.D. Fla. 1996) (" 'An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state the facts objectively.' " (quoting Ethical Consideration 5–9 of the ABA Code of Professional Responsibility)).

### B.  Ala. Rule of Prof'l Conduct 3.7

The Government has moved to disqualify Mr. Jordan because his continued representation of the Defendant may violate Alabama Rule of Professional Conduct

6

3.7, as he may be called as a "necessary witness" at trial in connection with the August 5, 2014 legal opinion he provided the Defendant, *see supra*.[4]

> Rule 3.7(a) provides:
>
> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness, except where:
>
> > (1) the testimony relates to an uncontested issue;
> >
> > (2) the testimony relates to the nature and value of legal services rendered in the case; or
> >
> > (3) disqualification of the lawyer would work substantial hardship on the client.

The commentary to Rule 3.7 addresses the potential issues that can arise in a simultaneous advocate/witness role:

> Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client.
>
> The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both an advocate and a witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

---

[4] Mr. Jordan is a long-standing member of this Court's bar. SD ALA LR 83.5(f) provides that "[a]ny attorney who is admitted to the Bar of this Court…shall agree to read and abide by the Local Rules of this Court, the ethical limitations and requirements governing the behavior of members of the Alabama State Bar, and, to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct."

Ala. R. of Prof'l Conduct 3.7, comments. *See also Putman v. Head*, 268 F.3d 1223, 1246 (11th Cir. 2001) ("[R]ules of professional conduct generally disapprove of lawyers testifying at proceedings in which they are also advocates.").

" '[A]n attorney's ethical duty to advance the interest of his client is limited by an equally solemn duty to comply with the law and standards of professional conduct.' " *Card v. Dugger*, 911 F.2d 1494, 1503 (11th Cir. 1990) (alteration added) (quoting *Nix v. Whiteside*, 475 U.S. 157, 168 (1986)).

> "[W]hen a trial court finds an actual conflict of interest which impairs the ability of a criminal defendant's chosen counsel to conform with the ABA Code of Professional Responsibility, the court should not be required to tolerate an inadequate representation of a defendant. Such representation not only constitutes a breach of professional ethics and invites disrespect for the integrity of the court, but it is also detrimental to the independent interest of the trial judge to be free from future attacks over the adequacy of the waiver or the fairness of the proceedings in his own court and the subtle problems implicating the defendant's comprehension of the waiver."

*Wheat*, 486 U.S. at 162 (quoting with approval *United States v. Dolan*, 570 F.2d 1177, 1184 (3d Cir. 1978)).[5]

In construing Rule 3.7, Alabama appellate courts have explained that "[a] necessary witness is one who has crucial information in his possession which must be divulged." *Bradford v. State*, 734 So. 2d 364, 369 (Ala. Crim. App. 1999). "The necessity standard requires more than mere speculation that counsel will be

---

[5] "The text of [Alabama Rule of Professional Responsibility 3.7] is identical to that set forth in Rule 3.7 of the American Bar Association's Model Rules of Professional Conduct. *See generally Roberts v. Hutchins,* 572 So. 2d 1231, 1234 n.3 (Ala. 1990) (recognizing that '[t]he new Alabama Rules of Professional Conduct were adopted from the Model Rules of Professional Conduct of the American Bar Association')." *Pigott v. Sanibel Dev., LLC*, Civil Action No. 07-0083-WS-C, 2007 WL 2713188, at *1 n.1 (S.D. Ala. Sept. 17, 2007).

required to testify." *Id.  See also Pigott v. Sanibel Dev., LLC*, 2007 WL 2713188, at *1-2 (S.D. Ala. Sept. 17, 2007) ("[I]t is the opinion of this Court that plaintiffs have failed to carry their burden of establishing that McKerrall is a necessary witness at the trial of this case, as required in order for disqualification to be appropriate under Rule 3.7 of the Alabama Rules of Professional Conduct. While McKerrall might prove to be a helpful or useful witness, there is no reason to believe that he is a necessary witness. All appearances are that any relevant facts within his personal knowledge are obtainable by plaintiffs through other witnesses and documents.").

The defense of reliance on the advice of counsel can implicate the advocate-witness or conflict of interest rules. *See, e.g., Crossroads Sys. (Tex.), Inc. v. Dot Hill Sys. Corp.,* No. A-03-CA-754-SS, 2006 WL 1544621, at *10 (W.D. Tex. May 31, 2006); *United States v. Swafford*, No. 1:04–CR–138., 2004 WL 5575829, at *5 (E.D. Tenn. Sept. 15, 2004); *Miller v. Colo. Farms,* Civil Action No. 97WY2015WD, 2001 WL 629463, at *3 (D. Colo. Jan. 16, 2001); *Para Techs. Trust v. C.I.R.,* 64 T.C.M. (CCH) 922, 1992 WL 237247, at *4 (T.C. Sept. 28, 1992).  The Defendant argues, in sum, that "Jordan is *not* a necessary witness and that any relevant and admissible testimony would be uncontested and/or may be stipulated to and/or introduced by other witnesses or documents and that the attorney's name may be redacted from the letter…."  (Doc. 145 at 5)  The Government disagrees, arguing that Jordan's testimony "would clearly concern a contested matter."  (Doc. 148 at 4).

9

### C. Partial Disqualification

The Government represents that it intends to call Mr. Jordan as a witness to testify about the letter. (Doc. 137 at 3).[6] The Defendant argues that even if Mr. Jordan is called to the stand he can only testify as to the fact that he drafted the letter and that any questions that may implicate attorney-client privilege will be impermissible.[7]

Other courts have found a "serious potential for conflict" sufficient to disqualify counsel where counsel might be called as a witness at trial to give testimony relevant to the alleged criminal activity, and where such a possibility implicated ethical rules similar to Alabama Rule of Professional Conduct 3.7. *See United States v. Kolodesh*, Crim. Action No. 11-464, 2012 WL 1156334, at *7-9 (E.D. Pa. Apr. 5, 2012) ("Given that Mr. Sheppard may be called as a Government witness and has personal knowledge of events that will be presented at trial, through argument or questioning of witnesses, the Court finds that Mr. Sheppard faces a serious potential for conflict arising from acting as both an advocate and a witness to the events charged in the indictment...[T]he Court concludes that the identified actual and serious potential for conflicts of interest are too weighty to be waived without adversely affecting the independent interest of the federal courts in ensuring that 'criminal trials are conducted within the ethical standards of the

---

[6] Counsel for the Defendant represented to the Court that the defense will not call Mr. Jordan as a witness at trial.

[7] At the hearing on the motion to disqualify, counsel for the Defendant represented that a then-pending motion to strike surplusage from the indictment (Doc. 143) would, if granted, remove the language relevant to Mr. Jordan and the letter. That motion, however, has since been denied. (*See* Doc. 156).

10

profession and that the legal proceedings appear fair to all who observe them.' Wheat, 486 U.S. at 160."); *United States v. Cain*, 671 F.3d 271, 294-96 (2d Cir. 2012) ("[W]e cannot say that the district court abused its discretion in concluding that the risk that Musitano would become a witness against his client was sufficient to justify his disqualification."); *United States v. Lucio*, 996 F. Supp. 2d 514 (S.D. Tex. 2013); *United States v. Abbell*, 939 F. Supp. 860, 861-64 (S.D. Fla. 1996); *United States v. Orgad*, 132 F. Supp. 2d 107, 121-25 (E.D.N.Y. 2001); *United States v. Rahman*, 861 F. Supp. 266, 269 (S.D.N.Y. 1994); *United States v. Castellano*, 610 F. Supp. 1151, 1163-67 (S.D.N.Y. 1985). *But see United States v. Melton*, 948 F. Supp. 2d 998, 1003-08 (N.D. Iowa 2013); *United States v. Perry*, 30 F. Supp. 3d 514, 525-53 (E.D. Va. July 2, 2014). Having considered the representations and arguments of the parties in this matter, the Court finds that a serious potential for conflict exists due to the possibility of Mr. Jordan being called as a witness at trial, and that this conflict cannot be waived.

However, the Court has also determined that full disqualification is not warranted. Rule 3.7 only forbids a lawyer who will likely be a necessary witness from "act[ing] as advocate at a trial," and other courts have found disqualifying conflicted counsel *only* from participating at trial to be a sufficient remedy in circumstances similar to these. *See Castellano*, 610 F. Supp. at 1167 ("Because the sole basis on which Shargel is disqualified is the distortion of the factfinding process that his appearance at counsel table might engender, he is disqualified only from participating at the trial of this action. Shargel may continue to participate fully in

the pre-trial stage of this case, and Mastrangelo's trial counsel and other defense counsel are free to consult with him during the course of the trial itself."); *Abbell*, 939 F. Supp. at 864 ("[A]s the sole basis for disqualification of Mr. Lichter is 'distortion of the factfinding process that his appearance at counsel table might engender', he shall be disqualified only from participating as trial counsel, and may continue to represent Defendant Pereira–Salas until the time of trial." (internal citation omitted) (quoting *Castellano*)). The Court finds this approach to be appropriate in this action as well.[8]

### III. Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that the Government's **"Motion to Disqualify Defense Counsel"** (Doc. 137) is **GRANTED in part**, such that Mr. Jordan shall be disqualified from participating as advocate for the Defendant at trial or in any way holding himself out as counsel for the Defendant in the presence of the jury. Mr. Jordan may continue to participate fully in all remaining pre-trial stages of this action, and the Defendant's other counsel may continue to consult with Mr. Jordan at trial outside the presence of the jury.

**DONE** and **ORDERED** this the 30th day of March 2015.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE**

---

[8] As previously noted herein, Mrs. Hastie has three counsel of record and will continue to be represented at all stages of this action by two other counsel of her choice, Neil Hanley, Esq., and N. Stewart Hanley, Esq.