IN THE DISTRICT COURT OF THE UNITED STATES
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| vs. | * | Case No.: 14-00291-CG |
| | * | |
| KIMBERLY SMITH HASTIE, | * | |
| | * | |
| Defendant. | * | |

**DEFENDANT KIM HASTIE'S OBJECTION, PURSUANT TO FED. RULES OF CRIMINAL PROCEDURE 59(A), TO U.S. MAGISTRATE JUDGE'S ORDER DATED MARCH 30, 2015, DISQUALIFYING JOE JORDAN AS DEFENDANT'S DEFENSE COUNSEL**

COMES NOW the Defendant, Kimberly Hastie, by and through her attorneys of record, and file her objection, pursuant to Fed. Rules of Criminal Procedure 59(a), to the US Magistrate Judge's Order dated March 30, 2015, disqualifying her counsel, Joe Jordan.

### A. 6th Amendment Right to Counsel

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for her defense."

### B. 6th Amendment Right to Counsel of Choice

Included within the Sixth Amendment right to assistance of counsel is the right to the effective assistance of counsel and the right to counsel of one's own choosing. See Strickland v. Washington, 466 U.S. 668, 686 (1984) ("[T]he Court has recognized that 'the right to counsel is the right to the effective assistance of counsel.'") (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)); Wheat v. United States, 486 U.S. 153, 159 (1988) ("[T] he right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment."); and Powell v. Alabama, 287 U.S. 45, 53 (1932) ("It is hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice"). The right to counsel of choice, in turn, not only "protects a criminal defendant's right to a fair opportunity to secure the counsel of his choice" initially, but also

1

"implies the right to continuous representation by the counsel of one's choice." U.S. v. Gearhart, 576 F.3d 459, 464 (7th Cir. 2009).

### C. U.S Burden of Proof

Because of the Sixth Amendment implications, a trial Court should be cautious in removing a criminal defendant's chosen counsel. "Once the attorney-client relationship is established, any potential disruption of the relationship is subject to careful scrutiny." Buntion, 827 S.W.2d at 948 n.3. "Disqualification is a severe remedy that should be avoided if possible." Harlan, 54 P.3d at 877. The burden of establishing that disqualification is necessary is on the party seeking the disqualification. See, e.g., Ex Parte Tiffin, 879 So. 2d 1160 (Ala. 2003); Russell v. State, 739 So. 2d 58 (Ala. Crim. App. 1999); People v. Pasillas-Sanchez, 214 P. 3d 520, 525 (Colo. App. 2009); and Harlan, 54 P. 3d at 877. "[D]isqualification of defense counsel should be a measure of last resort, and 'the government bears a heavy burden of establishing that disqualification is justified.'" Gearhart, 576 F.3d at 464 (Quoting United States v. Diozzi, 807 F.2d 10, 12 (1st Cir. 1986).

### D. US Introduction of August 5, 2014 Letter from Joe Jordan

On January 21, 2015, the US filed a motion for ruling on admissibility of evidence, i.e., the August 5, 2014 Jordan letter. (See attached hereto Exhibit 1).

The US motion stated "the US will offer the letter for the truth of the matter asserted, namely, that "Strategy Inc., was not eligible to be paid from the $1.25 account" and that Strategy Inc., did in fact, "reimburse the Mobile County License Commissioners $1.25 account". This is not contested by Defendant.

The US motion further stated it plans on introducing the letter through any witness who has personal knowledge of the letter per FRE 602 and FRE 901. Such a witness may be any person courtesy copied in the letter, provided he or she received and reviewed the letter.

Defendant, Hastie, did not oppose the admissibility of the letter and on March 13, 2015 the Court granted its admissibility.

There is no witness "necessary" to introduce the letter.

### E. US Motion to Disqualify Defendant Hastie's Choice of Counsel

On March 18, 2015, the US filed its Motion to Disqualify Jordan because he will be a witness.

First, the defense will not call Jordan as a witness, so that "suggestion" by the US is without merit.

Second, the US has represented to the Court that it intends to call Jordan as a "necessary" witness to testify about the letter, "Jordan can discuss the scope and nature of his legal opinion".

In the US "reply" to the US Magistrate Judge, document number 148, the US asserted:

1. Only Jordan can testify about what he wrote. The defense submits the letter speaks for itself;
2. The US will call Jordan to testify regarding Hastie's use of the $1.25 fund. The defense submits that Hastie's use of the $1.25 fund is not contested;
3. Jordan cannot take the stand and say "I conferred with Hastie, and she indicated she made a simple mistake in withdrawing money from the $1.25 fund, that would be prohibited hearsay". The defense submits that this argument by the US does not support the US burden of proof that Jordan is a necessary witness;
4. The US can use the letter as evidence of Hastie's "criminal conduct", and Hastie is prohibited from using the letter as evidence of a "mistake" unless Jordan's testimony is limited to what he wrote in the letter. The defense submits that this argument by the US does not support the US burden that Jordan is a necessary witness.

### F. Jordan Is Not A "Necessary" Witness

The US has represented it will call Jordan to discuss the "scope and nature of his legal opinion".

This Court has stated categorically in its March 13, 2015 admissibility Order regarding the Jordan letter that it's up to the Jury to decide whether Hastie's use of the $1.25 fund is "criminal conduct" or a "mistake".

3

Any attempt by the US to elicit from Jordan an opinion that Hastie's conduct was "criminal" would invade the province of the jury and would not be admissible.

The US also argues that any attempt by the Defendant to cross examine Jordan that his opinion is that Hastie's use of the $1.25 fund was a "mistake" would be hearsay and not admissible.

Thus, Jordan cannot testify that Hastie is "guilty" or "not guilty" regarding the $1.25 allegation.

The letter is the "best evidence" regarding the content of the letter. The US attempt or intention to go outside the four corners of the letter should not be allowed by the Court. The US has not indicated how it can elicit any other attorney-client conversations from Jordan that are not in the letter. The letter speaks for itself. The letter is admissible. Jordan's name can be redacted from the letter to avoid any alleged jury confusion regarding Jordan being an "advocate" and it can be stipulated that the letter was provided by a licensed Alabama attorney. The jury would not be confused as Jordan's identity is not "material" or "necessary" to the content of the letter.

In addition, the Defendant, contrary to the US "suggestion", is not asserting the letter as an affirmative "legal advice" defense.

### G. Reversible Constitutional Error/Not Harmless Error

In Gonzalez-Lopez, 548 U.S. 140 (2006), the United states Supreme Court noted that the Sixth Amendment right to counsel of choice does not descend from the Sixth Amendment's overarching purpose of ensuring a fair trial, as does the right to the effective assistance of counsel, but it is "the root meaning of the constitutional guarantee." 548 U.S. at 147-48.

Therefore, "[w]here the right to be assisted by counsel of one's choice is wrongly denied … it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation." Id. at 148. The Court then went on to explain:

> "In Arizona v. Fulminante, 499 U.S. 279 (1991), we divided constitutional errors into two classes. The first we called 'trial error,' because the errors 'occurred during presentation of the case to the jury' and their effect may 'be quantitatively assessed in the context of other evidence presented in order to determine whether

4

[they were] harmless beyond a reasonable doubt.' Id., at 307-308 (internal quotation marks omitted). These include 'most constitutional errors.' Id., at 306. The second class of constitutional error we called 'structural defects.' These 'defy analysis by "harmless-error" standards' because they 'affec[t] the framework within which the trial proceeds,' and are not 'simply an error in the trial process itself.' Id., at 309-310. See also Neder v. United States, 527 U.S. 1, 7-9 (1999). Such errors include the denial of counsel, see Gideon v. Wainwright, 372 U.S. 335 (1963), the denial of the right of self-representation, see McKaskle v. Wiggins, 465 U.S. 168, 177-178, n.8 (1984), the denial of the right to public trial, see Waller v. Georgia, 467 U.S. 39, 49, n.9 (1984), and the denial of the right to trial by jury by the giving of a defective reasonable-doubt instruction, see Sullivan v. Louisiana, 508 U.S. 275 (1993).

"We have little trouble concluding that erroneous deprivation of the right to counsel of choice, 'with consequences that are necessarily unquantifiable and indeterminate, unquestionarily unquantifiable and indeterminate, unquestionably qualifies as "structural error."' Id., at 282. Different attorneys will pursue different strategies with regard to investigation and discovery, development of the theory of defense, selection of the jury, presentation of the witnesses, and style of witness examination and jury argument. And the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides instead to go to trial.  In light of these myriad aspects of representation, the erroneous denial of counsel bears directly on the 'framework within which the trial proceeds,' Fulminante, supra, at 310 - -or indeed on whether it proceeds at all. It is impossible to know what different choices rejected counsel would have made, and then to quantify the impact of those different choices on the outcome of the proceedings. Many counseled decisions, including those involving plea bargains and cooperation with the government, do not even concern the conduct of the trial at all. Harmless-error analysis in such a context would be a speculative inquiry into what might have occurred in an alternate universe." 548 U.S. at 148-49.

## Conclusion

The US has the burden to demonstrate to the Court that Jordan is "necessary", i.e. that his testimony is critical and he is the only witness that can verify the contents of the letter.

The Defendant submits that Jordan is not a "necessary" witness.

The admissibility of the letter is not contested. The defense submits that calling Jordan as a witness to an uncontested matter is pretextual by the US and is in violation of the Defendant's 6th Amendment right to counsel of choice.

The letter's language is uncontested. The letter speaks for itself. The letter's contents cannot be modified by any witness at trial. The "specific" identity of the author of the letter is not "material".

This Court has already stated that the jury must decide whether the letter's content supports the US theory regarding the $1.25 payment or the defense theory regarding the $1.25 payment.

Respectfully Submitted,

/s/ Buzz Jordan
Buzz Jordan
Attorney for Defendant

OF COUNSEL:

BUZZ JORDAN, P.C.
1111 Dauphin Street
Mobile, AL 36604
buzz@rossandjordan.com
T;/ 251-432-5400

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above upon the foregoing by the following method:

____Alafile  _X_ U.S. Efile  ____U.S. Postal Service  _____Personal Delivery

**KENYEN R. BROWN, United States Attorney**
**Gregory Bordenkircher, Assistant United States Attorney**
**Sinan Kalayoglu, Assistant United States Attorney**
**Vicki Davis, Assistant United States Attorney, Chief Criminal Division**
U.S. Attorneys Office Southern District of Alabama
63 So. Royal Street, Suite 600
Mobile, Alabama 36602

Neil Hanley, Esq.
Stewart Hanley, Esq.
Dennis Knizley, Esq.
Jason Darby, Esq.
Jeff Deen, Esq.

Dated this __9th__ day of April, 2015.

/s/ Buzz Jordan
Buzz Jordan

# BUZZ JORDAN, P.C.
## Attorney at Law

1111 Dauphin Street
Mobile, Alabama 36604
Post Office Box 210
Mobile, Alabama 36601

Telephone: (251) 432-5400
Facsimile: (251) 432-5445
buzz@rossandjordan.com

August 5, 2014

Mrs. Kim Hastie
Mobile License Commissioner
PO Box 161009
Mobile, AL 36616

Dear Mrs. Hastie:

    Upon review of the $1.25 Act, it is my legal opinion that Strategy, Inc., was not eligible to be paid from the $1.25 account for the services Strategy, Inc. provided at the request of the Mobile County License Commissioner's office to attempt to combine the Mobile County License Commissioner's office with the Mobile County Revenue Commissioner's office in an effort to save Mobile County money by their combination.

    I have discussed this matter with Strategy, Inc. and it has agreed to reimburse the Mobile County License Commissioner's $1.25 account for the amount that his company was paid for said services.

    If you have any questions regarding this opinion, please contact me personally.

Very Truly Yours,

Buzz Jordan

CC:
Mr. Jay Ross, Esq.
Mobile County Attorney

Mr. Tyler Pritchett, Esq.
Mobile County License Commissioner Attorney

Mr. John Gray, Strategy Inc.

Mr. Neil Hanley, Esq.


EXHIBIT 1

002725