IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CASE NO. 14-00291-CG |
| | * | |
| KIMBERLY SMITH HASTIE, et al. | * | |
| | * | |

## MOTION IN LIMINE REGARDING STATEMENTS GIVEN BY CODEFENDANT RAMONA YEAGER

Comes now the Defendant, Kimberly Hastie, by and through undersigned counsel, and files this motion to prevent the Government from offering statements against her that were given by codefendant Ramona Yeager to federal law enforcement agents during the search of the Mobile License Commission on July 16, 2014.

*Background*

Defendant Kimberly Hastie is the Mobile County License Commissioner. Defendant Ramona Yeager serves as Deputy License Commissioner. On July 16, 2014 members of the Federal Bureau of Investigation conducted a search of the Mobile License Commission. On the same date, Mrs. Yeager was interrogated by these agents at the same location. The bulk of this questioning, and Mrs. Yeager's responses, concerned the conduct of and statements made by Mrs. Hastie.

Both Mrs. Hastie and Mrs. Yeager were named in a sixteen count federal indictment several months after the search of the License Commission. (Doc. 1) This indictment was subsequently superseded to add two new charges against Mrs. Hastie, but did not include additional charges against Mrs. Yeager. (Doc. 45) The Superseding Indictment charges Mrs. Hastie and Mrs.

1

Yeager in Count 1 with conspiring to commit mail and wire fraud, Counts 2-6 with wire fraud, and Counts 7-9 with mail fraud. (Doc. 45, Pp. 3-13) Mrs. Hastie is also charged in Counts 10-15 with Hobbs Act extortion, Count 16 with giving a false statement to a federal agency, and Count 17 with prohibited release and use of personal information from state motor vehicle records.[1] (Doc. 45, Pp. 13-21)

Mrs. Hastie and Mrs. Yeager are slated for a joint trial on these charges in May 2015.

*Discussion*

Any statements given by Mrs. Yeager to federal law enforcement agents on July 16, 2014 are inadmissible against Mrs. Hastie on the grounds that they constitute testimonial hearsay. Mrs. Yeager will be tried with Mrs. Hastie and has the absolute right not to testify at that proceeding. If Mrs. Yeager's statements were offered in the Government's case in chief against Mrs. Hastie, and Mrs. Yeager chose to exercise her Fifth Amendment right not to testify, Mrs. Hastie would be denied her own Sixth Amendment constitutional right to cross-examine Mrs. Yeager on her statements.

Hearsay is defined as out-of-court statements which are offered "in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. The Supreme Court has made clear that the Constitution requires that testimonial hearsay statements be subjected to the rigors of cross-examination in order to be admitted at trial, and that "pretrial statements that declarants would reasonably expect to be used prosecutorially" as well as "interrogations by law enforcement officers fall squarely within that class" of statements. *Crawford v. Washington*, 541 US 36, 51-53 (2004). Furthermore, even before the Supreme Court began focusing on the

---

[1] Mrs. Hastie is also charged along with her husband in Count 18 of the indictment with conspiracy to defraud the United States. However, this count has been severed for a separate trial.

testimonial nature of hearsay statements, it held that in joint trial, the admission into evidence of an out-of-court statement by one co-defendant implicating the second co-defendant, violates the latter's Sixth Amendment rights to confront witnesses against her. *See Bruton v. United States*, 391 US 123 (1968).

Any statements made by Mrs. Yeager to law enforcement concerning the conduct or statements by Mrs. Hastie would constitute precisely the type of inadmissible hearsay outlined above.  Mrs. Yeager's statements to federal agents were made out-of-court and under interrogation.  The circumstances clearly indicated that the statements may be used for prosecutorial purposes.  As Mrs. Yeager may not testify at trial, Mrs. Hastie would be denied her constitutional right to cross-examine Mrs. Yeager.

The Government may attempt to argue that any statements Mrs. Yeager made to law enforcement which relayed statements allegedly made by Mrs. Hastie would avoid exclusion as "admissions by party opponent" under Fed. R. Evid. 801(d)(2).[2]  It may be true that Mrs. Yeager could herself testify to any statements made by Mrs. Hastie, but it does not follow that a federal agent or other third-party could testify to statements given by Mrs. Yeager that relayed statements made by Mrs. Hastie.  This presents a classic double-hearsay issue.  Although a statement from Mrs. Hastie to Mrs. Yeager may find refuge from the hearsay exclusion under the

---

[2] Fed. Rule Evid. 801(d) states:

> A statement that meets the following conditions is not hearsay:
> . . .
> (2) An Opposing Party's Statement. The statement is offered against an opposing party and:
>     (A) was made by the party in an individual or representative capacity;
>     (B) is one the party manifested that it adopted or believed to be true;
>     (C) was made by a person whom the party authorized to make a statement on the subject;
>     (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
>     (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

Rules, the hearsay statement from Mrs. Yeager to the third-party concerning that same statement enjoys no similar exception (particularly when Mrs. Yeager does not testify).

It is of no aid to the Government that they have charged Mrs. Hastie and Mrs. Yeager in a common conspiracy. While an "admission by party opponent" does include coconspirator's statements, the exception from the general hearsay rule applies only if the statement is made under certain conditions:

> The test for admissibility of coconspirator hearsay is well established in this circuit. The hearsay statements will be admitted only if the government presents substantial, independent evidence demonstrating (1) the existence of a conspiracy, (2) that the defendant and the declarant were both members of the conspiracy, and (3) that the statement was made in the course of and in furtherance of the conspiracy.

*United States v. Alvarez*, 755 F. 2d 830, 855 (11th Cir. 1985) (citations omitted).

The statements in question were made by Mrs. Yeager under interrogation by federal agents following the search of the License Commission. Even if a conspiracy were found to exist prior to the search, there is certainly no evidence that any criminal agreement continued after the agents walked through the Commission's doors. Furthermore, it cannot reasonably be argued that Mrs. Yeager's statements to the agents "furthered" any conspiracy. Certainly any statements which would tend to implicate Mrs. Hastie in alleged wrongdoing would not meet this criteria.

*Conclusion*

Any statement given by Defendant Ramona Yeager to federal law enforcement agents on July 16, 2014 would constitute inadmissible testimonial hearsay if offered against Mrs. Hastie. No exception from the hearsay rule would save such statements from exclusion. The admission of Mrs. Yeager's out-of-court statements at trial would constitute a clear violation of Mrs. Hastie's confrontation rights under the Sixth Amendment.

WHEREFORE Defendant Kimberly Hastie respectfully moves this Court to exclude the aforementioned statements of Defendant Ramona Yeager from the trial in this case.

Respectfully Submitted,

/s/ Neil L. Hanley
NEIL L. HANLEY
Attorney at Law
158 Congress Street
Mobile, AL 36603
Tel: (251) 432-5579
Fax: (251) 432-5507
Email: NHlawoffice@gmail.com

/s/ N. Stewart Hanley
N. STEWART HANLEY
Attorney at Law
158 Congress Street
Mobile, AL 36603
Tel: (251) 432-5579
Fax: (251) 432-5507
Email: hanleylawfirm@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this the 10th day of April, 2015 upon all counsel of record by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

\s\ Neil L. Hanley