IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 14-00291-CG-N |
| | ) | |
| KIMBERLY SMITH HASTIE, | ) | |
| and RAMONA MCARDLE YEAGER, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

This matter is before the Court on Defendant Kimberly Hastie's Objection to an Order Disqualifying Joe "Buzz" Jordan as one of Defendant's Defense Counsel (Doc. 162), and the Government's Response in Opposition. (Doc. 164). For the reasons set forth below, the Objection is due to be denied.

Federal Rules of Criminal Procedure, Rule 59(a), provides a "district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense." In this case, the Magistrate Judge issued an order on a non-dispositive motion to disqualify counsel. (Docs. 137, 157). The Magistrate Judge partially disqualified Mr. Jordan from acting as an advocate at trial after determining the Government will likely call him as a witness. (Doc. 157, p. 11). The Magistrate Judge did not disqualify Mr. Jordan from acting as Hastie's pre-trial counsel. (Doc. 157, p. 12). The Government moved to disqualify Mr. Jordan, one of three attorneys representing Hastie, because they anticipate calling him as a witness at trial. (Doc. 137, p. 3). The Government specifically wants Mr. Jordan to

testify about a letter he wrote to Hastie in August 2014 regarding payments from the Mobile County License Commissioners $1.25 account; payments that the Government alleges are criminal. (Doc. 162, p. 2).

Rule 59(a) further provides a party may "serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy of a written order or after the oral order is stated on the record." Fed. R. Crim. P. 59(a). "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Id.

In her timely objection to the Magistrate Judge's order, Hastie reiterates that she does no oppose the admissibility of Mr. Jordan's letter. (Doc. 162, p. 2). Because the Court deemed the letter admissible, Hastie further argues there "is no witness 'necessary' to introduce the letter." (Doc. 162, p. 2). Hastie asserts the letter speaks for itself, and the Government calling Mr. Jordan as a witness to an uncontested matter violates her Sixth Amendment right to counsel of choice. (Doc. 162, p. 6).

Hastie, however, does not identify which parts of the Magistrate Judge's order are clearly erroneous or contrary to law. Instead, Hastie raises the same arguments she raised before the Magistrate Judge regarding whether Mr. Jordan is a "necessary witness." As the Magistrate Judge noted (Doc. 157, p. 3), the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "[T]his right was designed to assure fairness in the adversary criminal process." Wheat v. United States, 486 U.S. 153, 158 (1988). Although a defendant has a right

to counsel of his choice under the Sixth Amendment, it is not an absolute right. See, e.g., United States v. McKeighan, 685 F.3d 956, 966 (10th Cir. 2012); United States v. Brumer, 528 F.3d 157, 160 (2d Cir. 2008). A district court may disqualify an attorney if a conflict of interest exists. See United States v. Register, 182 F.3d 820, 834 (11th Cir. 1999); United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). "Indeed, even a potential conflict suffices for disqualification." United States v. McCutcheon, 86 F.3d 187, 189 (11th Cir. 1996) (citation and quotation omitted).

After reviewing the relevant portions of the record, the Court finds the Magistrate Judge's order is not contrary to law or clearly erroneous. Mr. Jordan will likely be called as a Government witness, which means a potential conflict exists and he cannot act as an advocate at trial for Hastie.  The Court therefore adopts the Magistrate Judge's Order disqualifying Mr. Jordan from acting as trial counsel before the jury.   Defendant's Objection to the Magistrate Judge's Order (Doc. 162) is therefore **DENIED**.

**DONE and ORDERED** this 17th  day of April, 2015.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE