IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CASE NO. 14-00291-CG |
| | * | |
| KIMBERLY SMITH HASTIE, et al. | * | |
| | * | |

## DEFENDANT KIMBERLY HASTIE'S MOTION FOR BILL OF PARTICULARS CONCERNING ALLEGED CO-CONSPIRATORS

Comes now the Defendant, Kimberly Hastie, by and through undersigned counsel, and respectfully moves this Court to order the Government to submit a Bill of Particulars pursuant to Fed. Rule Crim. P 7(f) identifying any persons claimed to be unindicted co-conspirators in the conspiracy charged in Count 1 of the Superseding Indictment, and in support thereof avers as follows:

1. "The purpose of a bill of particulars is to inform the defendant of the charge in sufficient detail to enable adequate defense preparation and to minimize surprise at trial." *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981)(citations omitted).

2. Count 1 of the Superseding Indictment charges Mrs. Hastie and codefendant Ramona Yeager with conspiring together to commit mail and wire fraud, along with ". . . other persons, both known and unknown to the Grand Jury . . ." (Doc. 45 at 3)

3. Similarly, Count 18 of the Superseding Indictment charges Mrs. Hastie and her husband, John Hastie, with conspiring together to defraud the United States, along with " . . . other persons, both known and unknown to the grand jury . . ." (Doc. 45 at 18)

1

4. Neither the Superseding Indictment nor the discovery produced by the Government give any indication who the Government may consider as co-conspirators in these counts, other than the named defendants.

5. A trial on Count 18 was conducted during the week of April 27, 2015. (Doc. 206)

6. During the course of said trial, the Government informed the Court and defense counsel that it considered two individuals, Jordan Hastie and John Zuckley, to be unindicted co-conspirators.

7. Jordan Hastie is Kimberly and John Hastie's daughter. It was proffered to the Court that Jordan conspired with her parents to defraud the United States, and on those grounds the Government sought to introduce alleged out of court statements made by Jordan to FBI agents. Additionally, the Government's claim effectively foreclosed the possibility of Jordan testifying on her parents' behalf.

8. John Zuckley is an associate of John Hastie. Much of the first trial on Count 18 focused on land purchased by Mr. Zuckley through arrangements made by Mr. Hastie, as well as commission payments owed to Mr. Hastie by Mr. Zuckley. When Mr. Zuckley was called by the defense to testify, the Government maintained that he was considered an unindicted co-conspirator. This claim, as it did with Jordan Hastie, effectively foreclosed the possibility that the defense could elicit exculpatory testimony from Mr. Zuckley.[1]

9. Ultimately, the Government never argued to the jury that these individuals were involved in criminal activity or presented evidence to such effect; it never attempted to "connect the dots" to substantiate its claim to the Court that they were in-fact co-conspirators.

---

[1] Considering the Government's claim the Court informed Mr. Zuckley of his potential criminal liability and 5th Amendment rights, as well as the prudence of contacting an attorney.

10. Again, while Jordan Hastie and John Zuckley were indeed identified within the Superseding Indictment and discovery, there was no indication or evidence that they were considered co-conspirators. The defense had prepared its case on the belief that these two key witnesses would be available to testify, and was caught by surprise and highly prejudiced when the Government's claims precluded such.

11. As with Count 18, the defense has been given no indication that unindicted co-conspirators exist as to Count 1.

12. However, there are a number of individuals identified in the Superseding Indictment and discovery that have intimate and crucial knowledge of the circumstances surrounding the allegations contained in Count 1.

13. The defense has thus-far prepared its case with the anticipation that these witnesses will be available to testify. Mrs. Hastie will again be surprised and prejudiced in her defense should the Government claim—last minute and without support—that any of these persons are now considered co-conspirators.

14. The Government's identification of alleged unindicted co-conspirators would promote justice, efficiency, and the integrity of the trial in this case, while causing no prejudice.

WHEREFORE Defendant Kimberly Hastie respectfully moves this Court to order the Government to file a Bill of Particulars identifying any and all individuals that it considers unindicted co-conspirators as to Count 1 of the Superseding Indictment.

Respectfully Submitted,

/s/ Neil L. Hanley
NEIL L. HANLEY

                Attorney at Law
                158 Congress Street
                Mobile, AL 36603
                Tel: (251) 432-5579
                Fax: (251) 432-5507
                Email: NHlawoffice@gmail.com

                /s/ N. Stewart Hanley
                N. STEWART HANLEY
                Attorney at Law
                158 Congress Street
                Mobile, AL 36603
                Tel: (251) 432-5579
                Fax: (251) 432-5507
                Email: hanleylawfirm@gmail.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing was served this the 14th day of May, 2015 upon all counsel of record by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                \s\ Neil L. Hanley