**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) CRIMINAL NO. 14-00291-CG |
| | ) |
| **KIMBERLY SMITH HASTIE and** | ) |
| **RAMONA MCARDLE YEAGER** | ) |

**RESPONSE TO DEFENDANT HASTIE'S SECOND MOTION FOR A BILL OF PARTICULARS**

Comes now the United States of America, by and through the United States Attorney for the Southern District of Alabama, and files this response to defendant Kimberly Smith Hastie's second motion for a bill of particulars. Doc. 221. For reasons set forth below, the United States respectfully asks the Court to deny the motion.

**Background**

On February 12, 2015, the Court entered an order on arraignment with respect to the superseding indictment and held in pertinent part:

> All pretrial motions under Fed.R.Crim.P. 12(b), 14 and 16 and all notices or demands under Fed.R.Crim.P.12.1, 12.2, and 12.3, and SD ALA LR 16.12 (entrapment), and any motion to compel must be filed no later than February 27, 2015.  Pretrial motions filed after this date must contain an explanation as to why they were not timely filed and will be considered only if good cause for the tardy filing has been shown.

Doc. 71 at 3 (emphasis omitted).

On February 19, 2015, Hastie moved for a bill of particulars with respect to Count 1. Doc. 82. On February 20, 2015, the United States filed its response. Doc. 88. On February 25, 2015, the Court denied Hastie's motion and in its order adopted the United States' reasoning. Doc. 94.

1

On February 27, 2015, Hastie moved for a 14-day extension of time in which to file pretrial motions. Doc. 102. The same day, the Court granted Hastie's motion and ordered that all pretrial motions would be due on March 13, 2015. Doc. 107.

## Discussion

### A. Hastie's second motion for a bill of particulars is time-barred

Hastie's second motion is two months past the Court's deadline for filing pretrial motions. A bill of particulars motion is a pretrial motion per Rule 12(b) of the Federal Rules of Criminal Procedure. Hastie has not shown "good cause for the tardy filing" in contravention of the Court's order on arraignment. Doc. 71 at 3. Accordingly, Hastie's motion is untimely and should be denied as time-barred.

### B. Hastie's second motion has no legal merit

Even presuming that Hastie's second motion is not time-barred, it is meritless. The motion seeks to challenge Count 1, which Hastie previously and unsuccessfully challenged. The legal principles advanced in the Court's order in denying her first motion equally apply to Hastie's latest endeavor.

A bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980). Furthermore, the Eleventh Circuit has held:

> A bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy. Nor is the government required to provide defendants with all overt acts that might be proven at trial. Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection.

United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986) (citations omitted).

The identity of all members of a conspiracy is not required in an indictment. See, e.g., Rogers v. United States, 340 U.S. 367, 375 (1951) ("At least two persons are required to constitute

2

a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown") (citations omitted); United States v. Goodwin, 492 F.2d 1141, 1144 (5th Cir. 1974) ("A person can be convicted of conspiring with persons who are not identified by name in an indictment so long as the indictment asserts that such other persons exist and the evidence supports such an assertion."); United States v. Davis, 679 F.2d 845, 851 (11th Cir. 1982) ("The existence of the conspiracy agreement rather than the identity of those who agree is the essential element to prove conspiracy."); United States v. Giuseppe Bottiglieri Shipping Co., S.P.A., 2012 WL 1899844, *3 (S.D.Ala. May 24, 2012) ("As a matter of black-letter law, an indictment need not name all members of a conspiracy in order to satisfy minimum constitutional guarantees").

Hastie's second motion is, like its predecessor, without merit. The superseding indictment provides the essential elements of the offenses, the time and places in which the crimes occurred, and the citations to statutes that Hastie allegedly violated. The superseding indictment is framed in the appropriate statutory language and is specific in each count. Count 1, the conspiracy charge with respect to which Hastie again wants additional information, is particularized to a degree beyond customary expectation. Hastie has again failed to prove how Count 1 is in any way legally deficient.

### Conclusion

For the aforementioned reasons, Hastie's second motion for a bill of particulars should be denied.

Respectfully submitted on May 15, 2015.

                                                KENYEN R. BROWN
                                                UNITED STATES ATTORNEY

                                                By: */s/ GREGORY A. BORDENKIRCHER*
                                                Gregory A. Bordenkircher (BORDG3301)
                                                Assistant United States Attorney

        United States Attorney's Office
        63 South Royal Street, Suite 600
        Mobile, Alabama 36602
        Telephone: (251) 441-5845

By: */s/ SINAN KALAYOGLU*
Sinan Kalayoglu (kalas9469)
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845

## CERTIFICATE OF SERVICE

      I hereby certify that on May 15, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for the defendants.

*/s/ GREGORY A. BORDENKIRCHER*
Gregory A. Bordenkircher
Assistant United States Attorney


*/s/ SINAN KALAYOGLU*
Sinan Kalayoglu
Assistant United States Attorney

4