IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CASE NO. 14-00291-CG |
| | * | |
| KIMBERLY SMITH HASTIE, et al. | * | |
| | * | |

## MOTION FOR THE ADMISSION OF COMPLETE VIDEO RECORDINGS

Comes now the Defendant, Kimberly Hastie, by and through undersigned counsel, and respectfully moves this Court to grant the admission of complete video recordings that were surreptitiously orchestrated by the FBI and made by Victor Crawford. These recordings are highly probative of and directly relevant to the Government's primary contention that Mrs. Hastie accomplished her alleged illegal conduct by "cultivat[ing] an atmosphere of intimidation" around Crawford. Doc. 45 at 6, 13, 14. The recordings offer the jury a candid and complete picture of the atmosphere of the relationship between Mrs. Hastie and Crawford by allowing the fact finders to judge their tone, tenor, and demeanor during the course of the interactions.

### Background

Kimberley Hastie is the License Commissioner of Mobile County and was first elected to that position in 2008. Victor Crawford is the owner of APL Software Engineering/Bienville Rock Software, a private corporation providing computer related services to the License Commission through a 2007 contract with Mobile County. Crawford submits his invoices through the License Commission for payment by Mobile County.

Mrs. Hastie faces trial on May 26, 2015 on the first seventeen counts of an eighteen count Superseding Indictment. Count One alleges that Mrs. Hastie and codefendant Ramona Yeager conspired to submit false invoices through Crawford's company for payment by the Mobile County Commission. Doc. 45 at 3-10. The charge repeatedly claims that Mrs. Hastie "cultivated" an atmosphere and environment of intimidation by threatening to fire Crawford, leading him to acquiesce to her requests out of a fear of termination. Doc. 45 at 5, 6, 9. Likewise, Counts Ten through Fifteen allege that Mrs. Hastie extorted Crawford, "cultivat[ing] a culture of intimidation" around Crawford by "repeatedly threaten[ing] to seek to terminate Crawford's employment." Doc. 45 at 13.

Beginning on April 23, 2014, with direction and support provided by the FBI, Crawford began video recording his interactions with a number of individuals, including Mrs. Hastie. These recordings were made without the knowledge of those being recorded and prior to any allegations of misconduct becoming known to those persons. They represent the unrehearsed and natural interactions between Crawford and the recorded individuals.

## Discussion

The Government's theory against Mrs. Hastie appears to rest primarily on the accusation that she created a persistent and ever-lingering cloud of intimidation over Crawford's employment; that his work "environment," "atmosphere," and "culture" was inundated with intimidation and fear. The reasonableness of Crawford's perception in this regard is key to the accusations against Mrs. Hastie. If Mr. Crawford Crawford's perception of his interactions with Mrs. Hastie is objectively unreasonable, then the backbone of the Government's allegations gives way to doubt and Crawford's veracity is implicated. Several recordings made by Crawford are highly relevant in this regard.

Crawford recorded Mrs. Hastie in her office along with several other individuals on four separate occasions between April 23, 2014 and July 14, 2014. These videos memorialize approximately two hours of interactions between Mrs. Hastie and Crawford on a range of varying issues, both work-related and personal. Again, Crawford had been provided his recording equipment by the FBI and apparently enjoyed that organization's full support. Crawford had the freedom to direct conversation and interject information, while those being recorded were none the wiser. Nonetheless, the totality of the recorded video shows an absence of intimidation; instead showing an atmosphere of professionalism and encouragement.

While these recordings may contain some statements that could constitute inadmissible hearsay if offered to prove the matter asserted, Mrs. Hastie does not offer the videos for such a purpose. Rather, these videos are offered in their entirety for the non-hearsay purpose of showing the nature and atmosphere of the relationship between Mrs. Hastie and Crawford. GOODE AND WELLBORN; COURTROOM HANDBOOK ON FEDERAL EVIDENCE 353 (1999) (Authors commentary to Fed. R. Evid. 801: "An out-of-court statement is not inadmissible as hearsay if it has relevancy apart from the truth of the matter it asserts or implies.") The actual substance of much of the conversations may in-fact be irrelevant to the substantive allegations against Mrs. Hastie. However, it is not asserted that the substance itself that makes the recordings relevant. Instead, it is the atmosphere under which the interactions took place that is relevant. Had Mrs. Hastie created an atmosphere, culture, or environment of intimidation around Crawford, it stands to reason that this would be able to be gleaned from the secret recordings which were designed to capture such. A first-hand review of these videos allows the jury to objectively determine the circumstances of Mrs. Hastie and Crawford's relationship at the time of the recording, and to use

that as circumstantial evidence to weigh Crawford's claims of off-camera conduct by Hastie and the general intimidating nature of their relationship.

It is important that the jury be allowed to view the videos in question in their entirety due to the inherent distortion caused by the perception and/or bias of a witness and the complexity of spoken communication. A speaker's tone, volume, inflection, and cadence add innumerable intricacies to conversation. Variations in these regards can cause a single spoken sentence to be construed as either happy, angry, serious, joking, questioning, commanding or asserting, or even a combination of these. A phrase or exchange can be completely distorted without the context of an entire agreement. Ultimately, the best and most just way for the jurors to determine the existence of the alleged bully/victim relationship between Mrs. Hastie and Crawford is for them to view the video secretly recorded by the latter. These recordings are highly relevant as they directly and affirmatively rebut the allegation that intimidation inundated Mrs. Hastie and Crawford's relationship.

WHEREFORE Defendant Kimberly Hastie respectfully moves this Court to allow the admission of entire recorded interactions between Mrs. Hastie and Victor Crawford.

Respectfully Submitted,

/s/ Neil L. Hanley
NEIL L. HANLEY
Attorney at Law
158 Congress Street
Mobile, AL 36603
Tel: (251) 432-5579
Fax: (251) 432-5507
Email: NHlawoffice@gmail.com


/s/ N. Stewart Hanley
N. STEWART HANLEY

Attorney at Law
158 Congress Street
Mobile, AL 36603
Tel: (251) 432-5579
Fax: (251) 432-5507
Email: hanleylawfirm@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this the 25th day of May, 2015 upon all counsel of record by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

\s\ Neil L. Hanley